**In re VICTOR ENTERPRISES, INC., Relator.**

**No. 05–10–00088–CV.**

Court of Appeals of Texas, Dallas.

Feb. 9, 2010.

William L. Wolf and Lindsey K. Griffin, Dallas, TX, for Relator.

Clifford Holland, Dallas, TX, for Real Party in Interest.

Before Justices MORRIS, FRANCIS, and FILLMORE.

## OPINION

Opinion by Justice MORRIS.

After the trial court signed an order granting a petition for writ of mandamus filed by real party in interest, relator filed this mandamus proceeding. We requested a response to the petition from real party in interest. None was forthcoming. We conclude the trial court abused its discretion in granting that petition without requesting a response from relator. We therefore conditionally grant the writ of mandamus.

To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relator has met this burden. Generally, due process requires that a party be given the opportunity to present its arguments to a court before that court makes a ruling. *See, e.g.*, Tex.R.App. P. 52.4 ("[a] court must not grant relief ... before a response has been filed or requested"). In this case, the trial court granted the petition for writ of mandamus without requesting a response and without providing any time for relator to file a response. This action was clear error. Moreover, relator has no adequate remedy by appeal in this case.

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its January 19, 2010 "Order Granting Emergency Petition for Writ of Mandamus."