### In re VICTOR ENTERPRISES, INC., Relator.

#### No. 05–10–00217–CV.

Court of Appeals of Texas, Dallas.

March 24, 2010.

Rehearing Overruled April 28, 2010.

William L. Wolf, Lindsey K. Griffin, William L. Wolf, P.C., Dallas, TX, for Relator.

Clifford Holland, Dallas, TX, for Real Party in Interest.

Before Justices MORRIS, FRANCIS, and FILLMORE.

## OPINION

Opinion by Justice MORRIS.

On September 18, 2009, relator Victor Enterprises, Inc. filed a forcible detainer action against real party in interest Clifford Holland in a justice court because of real party in interest's alleged failure to pay rent for the month of August. Relator received a judgment in its favor on October 2, 2009. The judgment was timely appealed to the County Court at Law No. 1, which is presided over by the Honorable D'Metria Benson. After several delays, Judge Benson scheduled the trial of the case on March 11, 2010.

Relator filed an additional forcible detainer action on December 29, 2009 because of real party in interest's alleged failure to pay rent for the month of December. On January 13, 2010, the justice court granted judgment in relator's favor in the second suit. Real party in interest did not appeal that judgment. Instead, he filed an emergency petition for writ of mandamus in Judge Benson's court on January 19, 2010, which was granted the same day by signed order. Relator then filed a petition for writ of mandamus in this court complaining of the granting of the writ by Judge Benson. We conditionally granted the writ based on the petition filed with us and ordered Judge Benson to vacate her order. She did so, and the justice court reinstated its judgment, which became final and unappealable. Relator then obtained a writ of possession for the real property in question as well as a writ of execution. Within days of our order, and upon the motion of the real party in interest, Judge Benson again exercised jurisdiction over the justice court judgment and on February 19, 2010 signed an order suspending execution of the writ of possession.

Meanwhile, relator filed a third forcible detainer action based on real party in interest's alleged failure to pay rent for the

month of January. On February 22, 2010, the justice court issued a judgment in relator's favor, which real party in interest did not appeal. On February 26, 2010, Judge Benson signed an order in the original suit granting real party in interest's application for a writ of injunction. In the order, Judge Benson enjoined relator from "initiating, prosecuting, or executing any litigation, action or writ that seeks possession of or eviction of the defendant from his residence...." The order states that the writ was issued to protect the county court's jurisdiction. No other reason was stated.

In response to Judge Benson's February 19 and February 26 orders, relator filed a new petition for writ of mandamus with us. We requested a response from real party in interest. Real party in interest then requested additional time to make his response, which we granted. Nevertheless, no response was filed.

 To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relator has met this burden. The county court at law never obtained jurisdiction over the second or third forcible detainer actions because real party in interest did not appeal the judgments of the justice court. Moreover, contrary to Judge Benson's repeated assertions, she is not authorized to interfere with the two final, unappealed justice court judgments that do not relate to the subject matter of real party in interest's direct appeal pending before her. Neither prohibiting the enforcement of the justice court's previously issued writ of possession nor restraining the execution of a future writ of possession supported by a final, unappealed judgment "protects" her jurisdiction over real party in interest's pend-

ing direct appeal relating to a totally different justice court judgment. Therefore, it was error for Judge Benson to suspend execution of the justice court's January 13 judgment and to enjoin the enforcement of the justice court's two final judgments. *Cf. Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex.1989) (orig. proceeding) (holding appellate courts may not issue writs of prohibition to protect unappealed district court judgments). Additionally, relator has no adequate remedy at law because the justice court judgments of January 13, 2010 and February 22, 2010 have become final.

Relator generally complains about the entirety of Judge Benson's February 26, 2010 order, which we note encompasses future litigation as well as the two final justice court judgments described above. Although we conclude relator has no adequate remedy by appeal with respect to the two final judgments, the record before us does not compel us to the same conclusion with respect to the remainder of Judge Benson's order.

Accordingly, we conditionally grant, in part, relator's petition for writ of mandamus. A writ will issue in the event the trial court fails to vacate promptly (1) its February 19, 2010 "Order Suspending Execution of Writ of Possession," which relates directly to the justice court's January 13, 2010 final judgment and (2) its February 26, 2010 "Order on Defendant's Sworn Motion and Application for Writ of Injunction" to the extent such order enjoins relator, its employees, directors, attorneys, and agents from initiating, prosecuting, or executing any litigation, action, or writ associated with or related to the justice court's judgments signed January 13, 2010 and February 22, 2010, respectively.