**GRANT and Opinion Filed this 27th day of October, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00716-CV

### IN RE VICTOR ENTERPRISES, INC., Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-09-07625-A**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Relator filed this petition for writ of mandamus requesting that this Court immediately issue a writ of mandamus ordering the trial court to vacate its June 2, 2014 temporary injunction. We **GRANT** the petition.

This case is related to a series of actions for possession of real property and for rent related to the property. The case has a lengthy history in this Court.[1] On September 18, 2009, relator Victor Enterprises, Inc. filed a forcible detainer action against real party in interest

---

[1] *Victor Enterprises, Inc. v. Holland*, No. 05-10-01592-CV, 2013 WL 329034, at *2 (Tex. App.—Dallas Jan. 29, 2013, no pet.) (mem. op.) (reversing judgment because trial court rendered void judgment while motion to recuse was pending); *In re Victor Enterprises, Inc.,* 308 S.W.3d 455, 457 (Tex. App.—Dallas 2010, orig. proceeding) (conditionally granting mandamus because trial court never obtained jurisdiction over justice court actions due to failure of real party in interest to appeal judgments); *In re Victor Enterprises, Inc.,* 304 S.W.3d 669, 669 (Tex. App.—Dallas 2010, orig. proceeding) (conditionally granting mandamus because trial court abused its discretion in granting petition for writ of mandamus without requesting a response and without providing any time for relator to file a response). Victor Enterprises also filed two petitions for writs of mandamus which this Court denied. *In re Victor Enterprises, Inc.,* No. 05-14-00647-CV, 2014 WL 2452748, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.) (denying petition for writ of mandamus for failure to include rule 52.3(j) certification); *In re Victor Enterprises, Inc.,* No. 05-10-01156-CV, 2010 WL 3788060, at *1 (Tex. App.—Dallas Sept. 30, 2010, orig. proceeding) (mem. op.) (denying petition for writ of mandamus challenging trial court ruling that motion to recuse was untimely filed).

Clifford Holland in justice court in Dallas County seeking to collect rent for the month of August 2009. The justice court rendered judgment for Victor Enterprises and Holland appealed.

While that appeal was pending, Victor Enterprises filed an additional forcible detainer action in December 2009 related to rent for December. The justice court rendered judgment in favor of Victor Enterprises, but Holland did not appeal. Instead, Holland sought a writ of mandamus from the trial court prohibiting enforcement of the judgment, which the trial court granted without requesting a response from Victor Enterprises. We conditionally granted mandamus. *In re Victor Enterprises, Inc.,* 304 S.W.3d 669, 669 (Tex. App.—Dallas 2010, orig. proceeding). The trial court vacated its order. The justice court reinstated the judgment, and the judgment became final and unappealable. Victor Enterprises then obtained a writ of possession and a writ of execution. Within days of our order, however, the county court again exercised jurisdiction over the justice court judgment and signed an order suspending execution of the writ of possession.

Meanwhile, Victor Enterprises filed a third forcible detainer action related to rent for January. The justice court once again rendered judgment for Victor Enterprises and once again Holland failed to appeal. In a purported effort to protect its jurisdiction over the first appeal, the county court then enjoined Victor Enterprises from "initiating, prosecuting, or executing any litigation, action or writ that seeks possession of or the eviction of the defendant from his residence . . . ." Victor Enterprise again sought a writ of mandamus in this Court ordering the trial court to vacate its order suspending the writ of possession and to vacate its injunction. On our own motion, we stayed, "all proceedings in the County Court at Law No. 1 that relate to, affect, or attempt to affect, directly or indirectly, the two judgments rendered in favor of relator and against real party in interest by the Justice Court, Precinct 3, Place 3, of Dallas County,

Texas, on January 13, 2010 and February 22, 2010." We further conditionally granted the petition for writ of mandamus noting:

> The county court at law never obtained jurisdiction over the second or third forcible detainer actions because real party in interest did not appeal the judgments of the justice court. . . . Therefore, it was error for Judge Benson to suspend execution of the justice court's January 13 judgment and to enjoin the enforcement of the justice court's two final judgments.

*In re Victor Enterprises, Inc.,* 308 S.W.3d 455, 457 (Tex. App.—Dallas 2010, orig. proceeding). Consistent with our order, the trial court vacated its order. Victor Enterprises then continued its efforts to collect and enforce the second and third justice court judgments culminating in an effort to seek to have Holland held in contempt for failure to comply with the justice court's orders.

Holland meanwhile continued his efforts to avoid enforcement of the justice court judgments by filing an application for injunctive relief contending that the second and third justice court judgments were void because they were rendered after the justice court's plenary power had expired in the first suit, usurped the jurisdiction of the county court and constituted vexatious litigation, and had been satisfied. The county court signed a temporary restraining order on the day the application for injunctive relief was filed and subsequently granted a temporary injunction. The temporary injunction ordered Victor Enterprises to "immediately cease prosecuting discovery and compel actions against Holland on the basis of the Second J.P. Judgment," and "to immediately cease seeking any writs, contempt actions or further actions against Holland for failure to answer post-judgment discovery as a result of the Second J.P. Possession Judgment." The temporary injunction further prohibited any officers, constables or sheriffs executing a writ of attachment or other writ against Holland "emanating from" the second justice court action from executing any such writ and directed that to the extent Holland

should be immediately released to the extent he was in custody on any such writ of attachment. Victor Enterprises then filed this petition for writ of mandamus.[2]

Mandamus is proper if a trial court issues an order that exceeds its jurisdictional authority. *In re John G. & Marie Stella Kenedy Mem'l Found.,* 315 S.W.3d 519, 522 (Tex. 2010). In such cases, the trial court's order is void and mandamus relief is appropriate without a showing that the relator lacks an adequate appellate remedy. *Id.* As we noted in our prior opinion, the county court lacks jurisdiction to interfere with the enforcement of the justice court's unappealed judgments. *In re Victor Enterprises, Inc.,* 308 S.W.3d at 457. Accordingly, we **GRANT** relator's petition for writ of mandamus. Given the history of this case, the writ will issue *instanter*.

140716F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

---

[2] After this petition for writ of mandamus was filed, Holland filed a counterclaim for damages and declaratory judgment in the county court largely repeating the allegations in the application for injunctive relief contending, among other things, the second and third judgments of the justice court are void because the claims in those cases merged into the judgment in the first justice court case, the justice court lacked plenary power after the first justice court judgment was rendered and, at a minimum, the second justice court judgment has been satisfied. Holland contends he must pursue such declaratory and injunctive relief with regard to the second and third justice court judgments in the county court, rather than the justice court, because justice courts in Texas do not have jurisdiction to grant injunctive or declaratory relief.