**Robert SMITH, Relator,**

v.

**Michael Joe CRAWFORD, James Thomas Kimmons, and Nick Woodall, Respondents.**

**No. 05–88–00151–CV.**

Court of Appeals of Texas, Dallas.

March 11, 1988.

Ronald L. Clower, Forney, for relator.

Michael Joe Crawford, James Thomas Kimmons, Nick Woodall, Rockwall, for respondents.

Before STEWART, ROWE and BAKER, JJ.

BAKER, Justice.

This is an original mandamus proceeding involving an election challenge. Relator Robert Smith filed an application as a candidate for the office of Constable, Precinct 3, Rockwall County, Texas, in the Democratic Primary to be held on March 8, 1988. Respondents Michael Joe Crawford and James Thomas Kimmons both filed applications as candidates for the office of Constable, Precinct 3, Rockwall County, Texas, in the Republican Primary to be held on March 8, 1988. Respondent Nick Woodall, the Rockwall County Republican Chairman, accepted the applications of both Crawford and Kimmons.

Relator asserts that the applications of both Crawford and Kimmons failed to comply with the provisions of section 141.031 of the Texas Election Code because they failed to provide all of the statutorily required information, and therefore, their applications are incomplete. For these reasons relator prays that this Court hold that the respondents Crawford and Kimmons are not candidates for the position of Constable, Precinct 3, of Rockwall County, Texas, and that this Court issue a writ of mandamus directed to Respondent Woodall commanding him to do all things necessary under the Texas Election Code to remove the names of Crawford and Kimmons from the ballot for the position of Constable, Precinct 3, Rockwall County, Texas, in the Republican Primary to be held on March 8, 1988.

The last day for filing an application for a place on the ballot for the March 8 Primary was January 4, 1988. In response to a request from the Rockwall County Democratic Party Chairman, Woodall delivered copies of all Republican candidates' applications for public office on January 4, 1988, including the applications filed by Crawford and Kimmons. No protest was made by the Democratic party until the relator filed his challenge with this Court on February 16, 1988.

■ The last day for challenging an application for compliance with applicable requirements as to form and procedure is the day before the beginning of absentee voting by personal appearance for the election

**940**

for which the application is made. *See* TEX.ELEC.CODE ANN. § 141.034 (Vernon 1986). The time for the commencement of absentee voting by personal appearance for the March 8, 1988, primary was February 17, 1988. Relator first sought to invoke the mandamus jurisdiction of this Court the day before absentee balloting began and such absentee balloting is now in progress.

 We do not reach the merits of the challenge and deny the writ because the issue is now moot. A case becomes moot "when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law." *Sterling v. Ferguson*, 122 Tex. 122, 142, 53 S.W.2d 753, 761 (1932). The established rule is that where a contest between candidates for nomination in a party primary election cannot be tried and a final decree entered in time for substantial compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the election, the courts must dismiss the contest as being moot. *Sterling v. Ferguson*, 53 S.W.2d at 760; *see also Taylor v. Nealon*, 132 Tex. 60, 120 S.W.2d 586, 588 (1938). This is true, even though the contestant may have good cause or grounds for the contest. *See Cummins v. Democratic Executive Committee*, 97 S.W.2d 368, 369 (Tex.Civ.App.— Austin 1936, no writ). When the time comes that the issues cannot be heard and a final judgment entered judging the validity or the invalidity of the nominee's application so that absentee ballots can be printed and available to voters as and when required by statute, the contest is moot and must be dismissed. *Sterling v. Ferguson*, 53 S.W.2d at 761; *Price v. Dawson*, 608 S.W.2d 339, 340 (Tex.Civ.App.—Dallas 1980, no writ).

The relator filed his challenge to the applications of Crawford and Kimmons one day prior to the beginning of the absentee balloting and it is inescapable that the March 8, 1988 Primary Election is in progress at this time. Any order entered by this Court would interfere with the orderly process of this election. Accordingly, we conclude and hold that the cause is moot and the writ is denied. It is further ordered that this judgment shall be effective immediately and this Court will not entertain any motion for rehearing. *See Polk v. Davidson*, 145 Tex. 200, 196 S.W.2d 632, 635 (1946).