**Kim BRIMER, Appellant,**

v.

**Stephen C. MAXWELL, in his Capacity as Chairman of the Democratic Party of Tarrant County, Boyd L. Richie, in his Capacity as Chairman of the Texas Democratic Party, and Wendy R. Davis, Appellees.**

No. 05–08–01239–CV.

Court of Appeals of Texas, Dallas.

Oct. 6, 2008.

D. Nicholas Acuff, Acuff & Gamboa, LLP, Fort Worth, TX, for Appellant.

Chad W. Dunn, Brazil & Dunn, Houston, TX, Brent L. Brown, Rick K. Disney, Cotten Schmidt, LLP, Robert John Myers, Fort Worth, TX, Randall B. Wood, Doug W. Ray, Ray, Wood & Bonilla, Max Renea Hicks, Austin, TX, for Appellees.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Justice WHITTINGTON.

Kim Brimer appeals a final judgment declaring Wendy R. Davis eligible to seek and hold the office of Senator for Texas Senate District 10 and to have her name appear on the ballot for the November 4, 2008 general election as the Democratic nominee for Senate District 10. We dismiss this appeal as moot.

Davis was first elected to the Fort Worth City Council on May 1, 1999. She was re-elected to the Council in 2001, 2003, 2005, and 2007. During the August 9, 2007 Council meeting, Davis announced she was resigning from the Council to run for election to Texas Senate District 10. Following this announcement, Davis continued to serve on the Council in holdover status until her successor was duly qualified.[1]

On November 6, 2007, the City of Fort Worth held a special election to fill Davis's council seat. Because none of the candidates in that election received a majority of the votes cast, a run-off election was scheduled for December 18, 2007. On December 3, 2007, Davis filed her application to appear on the March 4, 2008 Democratic Party General Primary Ballot as a candidate for Senate District 10. Joel Burns received a majority of the votes to fill Davis's council seat in the December 18th run-off election. At a special meeting on December 27, 2007, the Council canvassed the election results of the run-off election, declared Burns the winner of the election, and gave Burns a certificate of election.

On January 1, 2008, a retired appellate court justice administered the oath of office to Burns. That same day, Burns faxed a copy of the oath as well as a Statement of Elected/Appointed Officer to the City. On January 2, 2008, Davis filed a second application for inclusion on the Democratic primary ballot as a candidate for Texas Senate District 10. On January 8, 2008, the City Secretary administered a second oath of office to Burns at a Council meeting.

On March 4, 2008, Davis was the sole candidate on the ballot for the Democratic primary for Texas Senate District 10. On April 28, 2008, appellee Boyd L. Richie, Chairman of the Texas Democratic Party, filed the Official Canvass Votes Report from the primary election with the Secre-

---

1. See TEX. CONST. art. XVI, § 17 ("All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.").

tary of State of Texas, verifying Davis received all the votes cast.

Brimer is the incumbent Republican candidate seeking election to a new term for Texas Senate District 10. On July 3, 2008, Brimer filed this suit, seeking a declaration that, pursuant to article III, section 19 of the Texas Constitution,[2] Davis is not eligible to run as a candidate for Texas Senate District 10 and requesting appellees be ordered to remove Davis's name from the November 4, 2008 general election ballot.

On July 22, 2008, the trial judge heard the case on stipulated facts and ruled Davis was eligible to run for Texas Senate District 10. On July 24, 2008, Brimer appealed. On July 31, 2008, the Fort Worth Court of Appeals granted Brimer's motion to accelerate the appeal. Brimer filed his brief on August 8, 2008. On August 13, 2008, Brimer filed a motion requesting the Fort Worth Court of Appeals revise the briefing schedule to require appellees to file their briefs before August 22, 2008, the last day for removing Davis's name from the general election ballot. The Fort Worth Court of Appeals granted the motion and required appellees to file their briefs on August 21, 2008, thirteen days after Brimer filed his brief. On September 18, 2008, the Texas Supreme Court ordered the appeal transferred to this Court.

 Generally, a voter having no special interest cannot bring suit seeking the removal of an ineligible candidate from the ballot. *Allen v. Fisher*, 118 Tex. 38, 41, 9 S.W.2d 731, 732 (1928); *Lemons v. Wylie*, 563 S.W.2d 882, 883 (Tex.Civ.App.–Amarillo 1978, no writ) (per curiam). However, a candidate for the same office has "an interest in not being opposed by an ineligible candidate that is separate and apart from the interest of the general public." *In re Jones*, 978 S.W.2d 648, 651 (Tex.App.–Amarillo 1998, orig. proceeding [mand. denied] ) (per curiam).

 The law is clear that a challenge to the candidacy of an individual becomes moot "when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law." *Polk v. Davidson*, 145 Tex. 200, 196 S.W.2d 632, 634 (1946) (orig. proceeding) (citing *Sterling v. Ferguson*, 122 Tex. 122, 142, 53 S.W.2d 753, 761 (1932) (orig.proceeding) (per curiam)); *see Smith v. Crawford*, 747 S.W.2d 938, 940 (Tex.App.–Dallas 1988, orig. proceeding). If a challenge to a candidate's eligibility "cannot be tried and a final decree entered in time for compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the election," we must dismiss the challenge as moot. *Smith*, 747 S.W.2d at 940.

 The Texas Election Code provides "[i]f a candidate dies or is declared ineligible after the 74th day before election day, the candidate's name shall be placed on the ballot." TEX. ELEC.CODE ANN. § 145.039 (Vernon Supp.2008). If the name of an ineligible candidate appears on the ballot, the votes cast for the candidate shall be counted and entered on the official election returns. TEX. ELEC.CODE ANN. § 145.005(a) (Vernon 2003). The general election is set for November 4, 2008. *See* TEX. ELEC.CODE ANN. § 41.002 (Vernon 2003). The 74th day before the general

---

**2.** Article III, section 19 of the Texas Constitution provides:

> No judge of any court, Secretary of State, Attorney General, clerk of any court of record, or any person holding a lucrative office under the United States, or this State, or any foreign government shall during the term for which he is elected or appointed, be eligible to the Legislature.

TEX. CONST. art. III, § 19.

election was August 22, 2008. Accordingly, even if we declare Davis ineligible, her name will remain on the ballot and any votes cast for her will be counted. *See* TEX. ELEC.CODE ANN. § 145.005(a) (Vernon 2003). No order that we might enter would be effective to change this result. *See Skelton v. Yates,* 131 Tex. 620, 621, 119 S.W.2d 91, 92 (1938) (orig.proceeding); *Port Isabel/S. Padre Island Taxpayer Ass'n v. S. Padre Island,* 669 S.W.2d 177, 178 (Tex.App.–Corpus Christi 1984, no writ); *King v. Fitch,* 181 S.W.2d 926, 927 (Tex.Civ.App.–San Antonio 1944, no writ) (per curiam).

Brimer's only legally recognized interest in pursuing this appeal is to avoid being opposed by an ineligible candidate. Even if Davis is ineligible to hold office—an issue we do not reach in this appeal—her name will be included on the November 4, 2008 general election ballot in opposition to Brimer. We cannot, at this point, change that outcome and, therefore, this appeal is moot.

Accordingly, we dismiss this appeal.