Opinion issued February 3, 2010













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-10-00070-CV




IN RE C.A. (TONY) SHERMAN, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION

          In this mandamus, relator C.A. (Tony) Sherman, a candidate in the Democratic
primary for Justice of Peace, Precinct 2, Fort Bend County, contends that Joel
Clouser’s application for the same office does not comply with the Texas Election
Code, and he requests that we compel Elaine Bishop, Chairperson of the Fort Bend
Democratic Party, to omit Clouser’s name from the ballot.



          We dismiss the petition for writ of mandamus as moot.
BACKGROUND
          On January 8, 2010, Sherman delivered to Bishop a challenge to the petition,
which Clouser had filed with his application in lieu of his filing fee, alleging that 394
of the 747 signatures collected by Clouser were invalid and that, therefore, Clouser’s
petition was supported by an insufficient number of signatures. Sherman filed this
petition for writ of mandamus on January 29, 2010. Primary election day is March
2, 2010. The only relief requested by Sherman is that we require Bishop to remove
Clouser’s name from the ballot.
ANALYSIS
          Sherman has standing to bring this suit because he is a candidate in the same
primary election for the same office, who has “an interest in not being opposed by an
ineligible candidate.” Brimer v. Maxwell, 265 S.W.3d 926, 928 (Tex. App.—Dallas
2008, no pet.) (quoting In re Jones, 978 S.W.2d 648, 651 (Tex. App.—Amarillo
1998, orig. proceeding)).
          “The law is clear that a challenge to the candidacy of an individual becomes
moot ‘when any right which might be determined by the judicial tribunal could not
be effectuated in the manner provided by law.’” Id. (quoting Polk v. Davidson, 196
S.W.2d 632, 634 (Tex. 1946) (orig. proceeding)). “If a challenge to a candidate’s
eligibility ‘cannot be tried and a final decree entered in time for compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the
election,’ we must dismiss the challenge as moot.” Id. (quoting Smith v. Crawford,
747 S.W.2d 938, 940 (Tex. App.—Dallas 1988, orig. proceeding)).
          The Texas Election Code provides, “A candidate’s name shall be omitted from
the general primary election ballot if the candidate withdraws, dies, or is declared
ineligible on or before the 62nd day before general primary election day.” Tex.
Elec. Code Ann. § 172.057 (Vernon 2003) (emphasis added). However, “[i]f a
candidate who has made an application for a place on the general primary election
ballot that complies with the applicable requirements dies or is declared ineligible
after the 62nd day before general primary election day, the candidate’s name shall be
placed on the ballot . . . .” Id. § 172.058 (Vernon 2003).
          Here, Sherman filed his petition for writ of mandamus on January 29, 2010,
and the primary election date is March 2, 2010. Therefore, less than 62 days
remained before primary election day. Accordingly, even if we were to declare
Clouser ineligible, his name would remain on the ballot and any votes cast for him
would be counted. See id.; Brimer, 265 S.W.3d at 928 (holding that challenge to
candidate’s eligibility for general election becomes moot when it cannot be tried and
final decree entered in time for compliance with pre-election statutes); accord Smith,
747 S.W.2d at 940 (“This is true, even though the contestant may have good cause
or grounds for the contest.”) (citing Cummins v. Democratic Executive Comm., 97
S.W.2d 368, 369 (Tex. Civ. App.—Austin 1936, no writ)); see also Polk, 196 S.W.2d
at 634 (holding that case becomes moot when any right determined by tribunal could
not be effectuated in manner provided by law). No order that we might enter would
be effective to change this result. Sherman’s only legally recognized interest in
pursuing this mandamus is to avoid being opposed by an ineligible candidate—an
outcome that we cannot, at this point, change. Therefore, this mandamus is moot.
CONCLUSION
          We dismiss Sherman’s petition for writ of mandamus as moot.
 
 



                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.