IN THE SUPREME COURT OF TEXAS
 444444444444
 NO . 12-0305
 444444444444

 IN RE TOMÁS URESTI, RELATOR

 4444444444444444444444444444444444444444444444444444
 ON PETITION FOR WRIT OF MANDAMUS
 4444444444444444444444444444444444444444444444444444

 PER CURIAM

 In this primary election case Choco Gonzalez Meza, Chair of the Bexar County Democratic

Party, determined that petitions filed with Monica Caballero’s application for a place on the Bexar

County Democratic Party primary election ballot as a candidate for Justice of the Peace did not

contain the required number of valid signatures. See TEX . ELECTION CODE § 172.021(e). Caballero

sued Meza, the Bexar County Democratic Party, and Bexar County, and sought injunctive relief

precluding them from omitting her name from the ballot. Tomás Uresti, Caballero’s opponent for

the office, intervened. After holding a hearing, the trial court issued a temporary injunction

effectively compelling Meza to place Caballero’s name on the ballot. Uresti applies to this Court

for a writ of mandamus directing the trial court to vacate its temporary injunction. Caballero

responds that Uresti’s petition for writ of mandamus is moot because the primary election, which

she won, has concluded. We agree.

 Once an election begins, a challenge to the candidacy of an individual becomes moot. See

Polk v. Davidson, 196 S.W.2d 632, 634 (Tex. 1946) (“[W]hen the time comes that the issues cannot

be heard and a final judgment entered adjudging the validity or invalidity of the nominee’s certificate
so that absentee ballots can be printed and available to voters as and when required by statute, the

contest is moot and must be dismissed.”); see also Skelton v. Yates, 119 S.W.2d 91, 92 (Tex. 1938);

Bejarano v. Hunter, 899 S.W.2d 346, 352 (Tex. App.—El Paso 1995, orig. proceeding); Law v.

Johnson, 826 S.W.2d 794, 797 (Tex. App.—Houston [14th Dist.] 1992, no writ); Smith v. Crawford,

747 S.W.2d 938, 940 (Tex. App.—Dallas 1988, orig. proceeding).

 In responding to Caballero’s assertion of mootness, Uresti does not claim that the case is not

moot; rather, he claims that the “capable of repetition yet evading review” exception to the mootness

doctrine applies. Under this doctrine, “‘the challenged act is of such short duration that the appellant

cannot obtain review before the issue becomes moot’” and there is “a reasonable expectation that

the same action will occur again if the issue is not considered.” Blum v. Lanier, 997 S.W.2d 259,

264 (Tex. 1999) (quoting Gen. Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex. 1990)).

But Uresti has not shown a reasonable expectation that he will be subjected to the same action again.

See Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001) (providing that to invoke the capable of

repetition yet evading review exception, a reasonable expectation must exist that the “same

complaining party will be subjected to the same action again”).

 Uresti’s complaint centers on his allegation that Caballero signed an affidavit on several of

her petition pages stating that she had witnessed each signature on the page and read a required

statement to each signer when she had actually not done so. Uresti does not point to, nor does he

claim, that there is evidence of a reasonable expectation that a candidate would perform similar

actions in a subsequent election in which he is a candidate. In the election cases Uresti cites, there

was evidence of a reasonable expectation that the challenged actions would occur again. See Blum,

 2
997 S.W.2d at 264 (finding that although an election had already occurred rendering a challenge to

the wording of a ballot proposition moot, the exception applied because the trial court indicated it

would sustain a contest to the election and order a new one); Bejarano, 899 S.W.2d at 351 (finding

a reasonable expectation that the same action would occur again in an election contest where the city

clerk who reviewed election applications had accepted insufficient applications for years and

testified that statutorily required information on applications was “superfluous and unnecessary”).

Uresti does not claim that there is evidence of a similar situation here.

 Without hearing oral argument, see TEX . R. APP . P. 52.8(c), we dismiss the petition for

mandamus relief as moot.

OPINION DELIVERED: August 31, 2012

 3