# IN THE SUPREME COURT OF TEXAS

═══════════

No. 14-0470

═══════════

CARLOS CASCOS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF TEXAS, PETITIONER,

v.

TARRANT COUNTY DEMOCRATIC PARTY; STEVE MAXWELL, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE TARRANT COUNTY DEMOCRATIC PARTY; TEXAS DEMOCRATIC PARTY; GILBERTO HINOJOSA, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE TEXAS DEMOCRATIC PARTY, RESPONDENTS

═══════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

═══════════════════════════════════════════════

**PER CURIAM**

Political parties may apply to the secretary of state for state funds to reimburse expenses connected with administering primary elections. *See* TEX. ELEC. CODE. §§ 173.001, .081-.085. If the political party disagrees with the secretary of state's reimbursement decision, it may sue the secretary in Travis County district court. *Id.* § 173.086(a). This appeal is from such a suit.

The secretary of state declined to reimburse certain legal expenses because the political party incurred those expenses after the primary election and in connection with the general election. The district court also declined to require the secretary to reimburse these expenses. The court of appeals

reversed that decision, however, concluding that the secretary of state abused his[1] discretion because the legal expenses were connected to the primary election. 434 S.W.3d 188, 197-99, 202-03 (Tex. App.—San Antonio 2014). Because we conclude the secretary of state did not abuse his discretion in denying reimbursement, we reverse and render.

The legal expenses at issue arise from a suit contesting Wendy Davis's candidacy for a state senate seat in 2008. Davis ran in the Democratic primary unopposed but faced legal challenges to her candidacy before and after the primary. Before the primary, both this Court and the court of appeals denied original mandamus proceedings by three citizens to remove Davis's name from the primary-election ballot (the *Cerda* litigation).[2] After the primary, Davis was certified as the Democratic nominee for State Senate District 10.

About four months after the primary election, Kim Brimer, Davis's Republican opponent, sued in Tarrant County to remove Davis from the general-election ballot. *See Brimer v. Maxwell*, 265 S.W.3d 926 (Tex. App.—Dallas 2008, no pet.). Brimer alleged that Davis was constitutionally ineligible to run for the Legislature because her application for the Democratic primary was filed during her term on the Fort Worth City Council. *Id*. at 928; *see also* TEX. CONST. art. III, § 19 ("No . . . person holding a lucrative office under . . . this State . . . shall during the term for which he is

---

[1] Esperanza "Hope" Andrade was the secretary of state when the reimbursement claim was denied. Carlos Humberto Cascos currently occupies the office, and the opinion therefore uses the masculine gender when referring to the secretary.

[2] *See In re Cerda*, No. 08-0028, 51 Tex. Sup. Ct. J. 324 (Tex. Jan. 14, 2008) (order denying mandamus without prejudice); *In re Cerda*, No. 2-08-0018-CV, 2008 WL 204518 (Tex. App.—Fort Worth Jan. 23, 2008, orig. proceeding) (per curiam).

elected or appointed, be eligible to the Legislature."). Brimer joined Democratic Party local and state officials along with Davis. His challenge failed, and Davis prevailed in the general election.

After defending Brimer's challenge to Davis's candidacy, the state and county Democratic Party chairpersons applied for reimbursement of related attorney's fees. The secretary of state had previously approved a reimbursement request for legal expenses related to the first, pre-primary challenge to Davis's candidacy but denied this request. The secretary reasoned that the *Brimer* legal expenses were "unrelated to the administration of the primary election," which had already been held, and therefore should not be reimbursed from primary-election funds the Legislature appropriated.

Litigation ensued in Travis County, and following a bench trial, the trial court upheld the secretary of state's decision. The court found the Election Code to be "ambiguous on the issue of whether the secretary of state [was] required to reimburse the Texas and Tarrant County Democratic parties for attorney's fees incurred in successfully litigating the eligibility of a Democratic candidate brought by her Republican opponent." Because the statute's application was unclear, the trial court deferred to the secretary's determination. The court of appeals, however, disagreed with the trial court's reading of the statute, concluding that the Election Code plainly requires reimbursement of the legal expenses. 434 S.W.3d at 197-99, 202-03.

The appellate court identified the "crucial question" to be "whether the legislature intended to reimburse from state primary election funds a party's legal expenses for an election contest suit that seeks general election relief but is based on a complaint that the candidate was ineligible to appear on the primary election ballot." *Id*. at 198. The relevant statute authorizes the secretary of

3

state generally "to pay expenses incurred by a political party in connection with a primary election" or "in connection with the administration of primary elections." *Id*. (quoting TEX. ELEC. CODE § 173.001(a), (c)). Finding no ambiguity, the court construed the phrase "in connection with" broadly to require the secretary of state to reimburse the legal expenses at issue, even though the expenses were incurred after the primary election in a suit seeking relief in the general election. *Id*. The court reasoned that the legal expenses were plainly connected to the primary election because they were based on Davis's alleged constitutional ineligibility to appear on the primary-election ballot. *Id*.

The Election Code expressly grants the secretary of state discretion in determining what expenses are reimbursable from the primary fund. The Code provides that reimbursable expenses are those that the "secretary determines reasonably necessary for the proper holding of the primary election." TEX. ELEC. CODE § 173.082(b). The Code also specifies the procedural requirements to obtain reimbursement. *See id*. §§ 173.081-.085.

Before an expense can be reimbursed, the party must submit a "written statement of estimated expenses to be incurred in connection with a primary election" to the secretary of state. *Id*. § 173.081(a). The statement must be submitted to the secretary by the appropriate party authority at least forty-five days before the primary election regardless of whether the political party is seeking reimbursement. *Id*. § 173.081(a), (c)(2). The secretary of state must review a timely filed statement to determine the expense items and amounts to approve. *Id*. § 173.082(a). If an expense is not approved or is approved in a reduced amount, the secretary must promptly notify the party of his decision. *Id*. § 173.082(c). If an expense is approved, the party receives reimbursement from the state in installments. *Id.* § 173.083. A final report itemizing the actual expenses incurred by the

4

party is due thirty days after the primary election or runoff unless the secretary grants an extension for good cause, and the final installment may not be paid until after the final report. *Id.* §§ 173.083 (d), 173.084. If the actual expenditure for an item exceeds the initial estimate, the secretary may approve reimbursement for the excess if he determines that good cause justifies the payment. *Id.* § 173.085. If the secretary denies reimbursement or approves less than the requested amount, the political party may challenge the decision in a suit against the secretary of state in Travis County district court. *Id.* § 173.086(a).

Although Brimer's suit came four months after the primary and the political party's request for reimbursement of legal expenses came later still, the secretary of state agreed not to contest the reimbursement request on the issue of timeliness. This concession in a Rule 11 agreement was for the stated purpose of expediting the case. Thus, instead of raising additional procedural issues, the secretary stood on the initial reason for rejecting the expense—that the *Brimer* litigation expenses were "unrelated to the administration of the primary election."

The case was further expedited by stipulated facts, including a stipulation that the secretary of state had previously reimbursed certain legal expenses in connection with the primary election, including reimbursement for legal expenses incurred by the party in defending the *Cerda* litigation, the pre-primary attack on Davis's candidacy.[3] Notwithstanding the litigants' efforts to expedite a merits-based decision on the political party's reimbursement claim, the secretary argues here that the

---

[3] *See supra* note 2.

5

claim should be dismissed on sovereign-immunity grounds because the stipulations at trial omitted a necessary jurisdictional fact.

As noted, the Election Code requires a political party to file with the secretary a written estimate of anticipated primary election expenses. *See* TEX. ELEC. CODE §§ 173.081(a), .082(a). The secretary maintains that the required estimate is a jurisdictional prerequisite and that proof of compliance is required to waive immunity from suit. In other words, the secretary maintains that he is immune from suit in his official capacity because the political party failed to obtain his stipulation that a written estimate of anticipated primary-election expenses was filed with his office, as the Election Code requires.

The court of appeals rejected a similar argument, deducing from the parties' stipulations about the secretary paying other primary expenses, including other legal expenses, either that the political party "met the statutory requirement by filing a statement of estimated primary expenses or the secretary of state waived any complaint about the requirement." 434 S.W.3d at 197. Although the court's deduction may not be entirely correct, we agree that this record does not support the dismissal of the case on sovereign-immunity grounds.

Statutory prerequisites to suit are jurisdictional requirements for governmental entities, and, as such, are properly asserted in a plea to the jurisdiction. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012). The secretary of state did not file a plea to the jurisdiction nor did he argue a lack of subject-matter jurisdiction in the trial court. Instead, the case proceeded expeditiously to a bench trial on the merits with the secretary raising sovereign immunity only as an affirmative defense in his answer, an indication that the secretary viewed his immunity in the trial

6

court as extending to liability rather than to suit. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) ("Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction.").

While the burden is ordinarily on the plaintiff to affirmatively establish jurisdiction, *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012), the underlying jurisdictional fact here—whether the political party filed the written estimate of primary-election expenses—was not in dispute at trial. The secretary, of course, knows whether a statement was filed because the statement is filed with his office, and he does not assert that none was filed. Rather the secretary argues that the political party failed to establish jurisdiction conclusively by obtaining a stipulation of that fact. Like the court of appeals, we decline to dismiss the case on such tenuous grounds. We accordingly turn to the merits.

Although the Election Code authorizes the secretary of state "to pay salaries and other necessary expenses in connection with the administration of primary elections," it also provides that state funds may not be used to reimburse "[e]xpenses incurred in connection with a convention of a political party or other party activity that is not necessary for the holding of a primary election." TEX. ELEC. CODE § 173.001 (b), (c). The secretary contends that the *Brimer* litigation expenses were not incurred in connection with the primary election because the primary was complete, and Davis was the Democratic nominee for the general election by the time the expenses were incurred. He concludes that a party's legal defense of its primary nominee is "not [an activity] necessary for the holding of a primary election" and thus related legal expenses cannot be reimbursed from state primary funds. *Id*. § 173.001(b).

The political party responds that the secretary of state has adopted a rule on the payment of legal expenses in connection with primary elections and has previously applied that rule to reimburse a political party's post-primary legal expenses under similar circumstances. *See* 1 Tex. Admin. Code § 81.134 (pertaining to the reimbursement of legal expenses in primary elections). A 2006 memo from the secretary's director of elections to the secretary's general counsel was admitted at trial to document the secretary's previous payment of a similar post-primary legal expense. In that memo, the director recommended paying $3,000 in legal expenses the Democratic Party incurred defending a challenge to its nominee for Dallas County Criminal Court No. 1. The nominee's Republican opponent, Judge Ada Brown, asserted that her Democratic opponent should not be on the general-election ballot because of defects in the Democrat's primary ballot application. Although defense expenses were incurred after the primary, the director's memo nevertheless recommended reimbursing the political party's reasonable attorney's fees, noting that this was Judge Brown's third proceeding against the Democrats. *See, e.g.*, *In re Brown*, 190 S.W.3d 768 (Tex. App.—Dallas 2006, orig. proceeding) (seeking removal of primary candidate's name from primary-election ballot). Because the secretary reimbursed post-primary legal expenses in Judge Brown's case under the same administrative rule applicable here, the political party argues that the secretary of state should likewise reimburse its post-primary legal expenses.

The secretary's legal-expense rule, however, does not obligate the secretary to pay post-primary legal expenses out of the primary-election fund when those expenses relate to the general-election ballot. The rule applicable here instead states that the secretary will "only pay legal expenses related to litigation concerning the conduct of the primary election." 28 Tex. Reg. 8217,

8223 (2003) (to be codified at 1 Tex. Admin. Code § 81.134(c)) (proposed Sept. 26, 2003) (Office of Sec. State, Primary Elections; Legal Expenses).[4] The administrative rule does not describe the relationship or connection that must exist for reimbursement purposes, and neither does the statute.

Chapter 173 generally provides that the "secretary of state may spend state funds appropriated for primary finance to pay salaries and other necessary expenses in connection with the administration of primary elections" but that expenses "not necessary for the holding of a primary election may not be paid with state funds." TEX. ELEC. CODE § 173.001(b), (c). Other than salaries, the chapter does not specify expenses that are necessary for holding or administering a primary. But the secretary is authorized to adopt rules that facilitate primary elections or reduce their cost. *Id*. § 173.006.

Pursuant to that authority, the secretary revised the administrative rules on primary elections in 2003 to provide guidance on his "use and management of all primary funds." 28 Tex. Reg. 8217, 8218 to be codified at 1 Tex. Admin. Code 81.101(a). The rules include provisions for "the determination of necessary and proper expenses relating to the proper conduct of primary elections by party officials and the procedures for requesting reimbursement by the parties for such expenses." *Id*. at 8217. Significant here is the legal-expense rule, which recognizes that certain legal expenses can be reimbursed. *See id.* at 8223 (Rule 81.134 (Legal Expenses) (2003)). The 2003 version of the rule, however, does not elaborate on the connection that must exist for reimbursement. The rule's

---

[4] The administrative rule applicable here is the version in effect for the 2008 election. While the rule underwent non-substantive revisions between 2003 and the 2008 election, *see, e.g.*, 32 Tex. Reg. 7163, 7167-68 (2007) *adopted* 32 Tex. Reg. 9108 (2007), the political party cites the 2003 rule, and the secretary of state does not argue that revisions after 2003 are relevant to the issue presented. We accordingly cite the 2003 version of the rule as well.

primary relevance to this dispute is to clarify that legal expenses can be reimbursed. The statute itself does not mention legal expenses, and the pertinent version of the secretary's rule on the subject does not explain when such an expense amounts to a primary-election necessity.[5]

The secretary of state is the state's chief election officer responsible for ensuring the uniform application and interpretation of election laws throughout Texas. Those duties include the implementation of chapter 173 and its primary-finance provisions. Chapter 173 authorizes the secretary to spend appropriations "to pay salaries and other necessary expenses in connection with the administration of primary elections," TEX. ELEC. CODE § 173.001(c), obligates him to review requests for such funding, *id*. § 173.082(a), and grants him discretion to determine which requested expenses are "reasonably necessary for the proper holding of the primary election," *id*. § 173.082(b). If the secretary determines, in his discretion, that an expense is reasonably necessary, in whole or in part, he has a duty to approve the reasonably necessary portion. *See id*. In short, the secretary's determination of whether an expense is "reasonably necessary for the proper holding of the primary election" is discretionary, but if the expense is reasonably necessary—either because the secretary

---

[5] Effective January 9, 2014, the legal-expense rule was revised to limit legal-expense reimbursement to suits that seek either to include a candidate's name on the primary-election ballot or exclude it. The rule now provides in relevant part:

> Subject to appropriation by the Texas Legislature, notwithstanding anything to the contrary in this chapter, and only if prior written approval is obtained as set forth in subsection (c) of this section, the SOS may provide primary-fund reimbursement for legal fees and expenses incurred by the party chair only for a lawsuit commenced against the chair which seeks to include a candidate's name on the Primary Election ballot after the chair either rejected the candidate's application or declared the candidate ineligible or which seeks to exclude a candidate's name from the Primary Election ballot after the chair declined to do so.

1 Tex. Admin. Code § 81.134(e).

correctly determined it to be so or because the secretary abused his discretion in determining it not to be—the secretary's approval of the reasonably necessary portion of the expense is non-discretionary. Because the secretary has discretion to determine which expenses are "reasonably necessary for the proper holding of the primary election," *id*. § 173.082(b), we must determine whether the secretary abused that discretion here.

The court of appeals recognized the discretionary nature of the secretary's decision but did not apply an abuse of discretion standard. *See* 434 S.W.3d at 197-200. Instead, the court construed "in connection with a primary election" broadly to include (or rather, "not exclude") the expenses at issue here and reversed on the basis of that construction. *Id*. at 198. This approach is problematic for two reasons. First, it improperly takes a snippet of language out of its statutory context. *See In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 701 (Tex. 2015) ("Proper construction requires reading the statute as a whole rather than interpreting provisions in isolation."). Second, it reads the secretary's discretion out of the statute. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (stating that court "must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous").

The court of appeals' decision rests on language taken from section 173.001(a). *See* 434 S.W.3d at 198. Subsections (a) and (b) of section 173.001 delineate the outer parameters of when state funds can be used to pay primary-related expenses and when they cannot. TEX. ELEC. CODE § 173.001(a), (b). Subsection (a) permits the use of state funds "to pay expenses incurred by a political party in connection with a primary election." *Id*. § 173.001(a). But subsection (b) bars the use of state funds to pay "[e]xpenses incurred in connection with a convention of a political party or other party activity that is not necessary for the holding of a primary election." *Id*. § 173.001(b).

11

Subsection (a)'s broad permission to use state funds to pay expenses incurred "in connection with a primary election" is limited to uses "provided by this chapter." *Id*. § 173.001(a). A party, therefore, is not entitled to recover expenses incurred "in connection with a primary" if the other applicable provisions of chapter 173 are not met. *Id*. Thus, we must decide not only whether the expenses at issue were incurred "in connection with" a primary election but also whether chapter 173 actually obligated the secretary to pay them. These questions require that we consider other applicable provisions of the chapter.

While section 173.001(a) permits the use of state funds for primary-related expenses, it does not expressly reference the secretary. Instead, other provisions authorize and obligate the secretary to act. Specifically, section 173.001(c) authorizes the secretary to spend state funds for primary-related expenses. *Id*. § 173.001(c). It authorizes the secretary to pay a narrower class of expenses than subsection (a) might permit: "salaries and other necessary expenses in connection with the administration of primary elections."[6] *Id*. Section 173.082 also authorizes—and in some instances mandates—action by the secretary. *Id*. § 173.082. But as discussed above, the secretary's duty to approve and pay an expense under section 173.082 is conditioned on the secretary's determination that "it is reasonably necessary for the proper holding of the primary election." *Id*. Significantly, both provisions that authorize the secretary to pay primary-related expenses limit such use to primary-related expenses that are more than just "incurred . . . in connection with a primary election;" these provisions require some level of "necess[ity]." *Id*. §§ 173.001(c), .082(b). This is

_____

[6] We do not indicate here that the secretary of state does not also have implied authority to do those acts necessary to exercise the power to use state funds to pay salaries and other necessary expenses in connection with the administration of primary elections. *See Bullock v. Calvert*, 480 S.W.2d 367, 372 (Tex. 1972) ("It is quite true that every specific, permissible act of a public officer need not be expressed in a statute; we imply the authority to do those acts necessary to achieve the power or object expressly granted, because the Legislature must have intended to grant the constituent details within the larger commission.").

consistent with section 173.001(b)'s prohibition against the use of state funds for "[e]xpenses incurred in connection with a convention of a political party or other party activity that is *not necessary for the holding of a primary election.*" *Id*. § 173.001(b) (emphasis added).

While chapter 173 permits public funds to pay expenses incurred "in connection with a primary election," it obligates the secretary to approve (and thus pay) only those he determines to be "reasonably necessary for the proper holding of the primary election." *Id*. §§ 173.001(a), .082(b). And chapter 173 prohibits payment of expenses not so approved by the secretary. *See id*. § 173.082(d) ("An item or part of an item of estimated primary-election expenses that is not approved by the secretary of state may not be paid with primary funds."). Here, the secretary exercised his discretion to decline approval, observing that the expenses were unrelated to the primary election. Unless his decision not to approve the expenses was an abuse of discretion, he had no duty (or authority) to pay them. *Id*. § 173.082(b), (d).

The secretary's determination here, which denies legal expenses incurred by the political party in defending its nominee's right to appear on the general-election ballot four months after the primary election concluded, is neither arbitrary nor inconsistent with the statute, which limits reimbursement to those expenses reasonably necessary to the holding or administration of the primary election. *Id*. §§ 173.001(c), .082(b); *see also City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 184 (Tex. 1994) ("An agency's decision is arbitrary or . . . an abuse of discretion if the agency: (1) failed to consider a factor the legislature directs it to consider; (2) considers an irrelevant factor; or (3) weighs only relevant factors that the legislature directs it to consider but still reaches a completely unreasonable result."). The political party does not argue that the secretary's decision was arbitrary and unreasonable standing alone. Instead, it argues that the secretary was

13

bound to approve these expenses under the secretary's own rules and in light of a prior incident in which the secretary paid similar expenses.

We recognize possible instances in which a governmental entity has limited its own discretion through the adoption of rules and regulations governing that discretion. *See, e.g., Phillips v. Brazosport Sav. & Loan Ass'n*, 366 S.W.2d 929, 935 (Tex. 1963). But as discussed above, the pertinent version of the secretary's administrative rules for determining which expenses are reasonable and necessary does not indicate what relationship must exist between legal expenses and the primary election. The rules do clarify that legal expenses can be reimbursed when reasonably necessary to a primary election, but neither party argues that legal expenses cannot be reimbursed at all. The secretary's administrative rules simply do not speak directly to this dispute.

And although the secretary paid similar expenses once in the past, no basis exists in the record to conclude that the secretary had an improper motive for changing that policy or even that the prior payment was an intentional policy decision rather than an error or oversight. The secretary is not forever bound by the handling of a single application for payment, particularly one that was never legally challenged.

Because neither chapter 173 nor the applicable administrative rule obligates the secretary of state to reimburse a political party for legal expenses incurred in defending its nominee's right to appear on the general-election ballot, we conclude that the secretary did not abuse his discretion in denying the requested reimbursement from the primary-election fund. The secretary of state's petition for review is granted, and without hearing oral argument, we reverse the court of appeals' judgment and render judgment that the political parties take nothing. TEX. R. APP. P. 59.1.

14

Opinion delivered: October 30, 2015