# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO.  03-20-00421-CV
NO.  03-20-00422-CV

In re the National Republican Congressional Committee and Van Taylor

In re Republican Party of Travis County, Texas

ORIGINAL PROCEEDING

## O P I N I O N

Relators, the National Republican Congressional Committee (RNCC); Van Taylor; and the Republican Party of Travis County, Texas, seek writs of mandamus ordering respondents, the Libertarian Party of Texas; Whitney Bilyeu, in her capacity as the Chair of the Libertarian Party of Texas; and Rebekah Congdon, in her capacity as Vice Chair of the Libertarian Party of Texas, to (1) declare the real parties in interest, who are candidates for various statewide offices, ineligible to appear as the Libertarian Party candidates on the November 2020 general election ballot and (2) take all steps within their authority that are necessary to ensure that those candidates' names do not appear on the ballot.[1]  Relators assert that the real parties in interest have not complied with the Texas Election Code provision

---

[1] Rebekah Congdon, in her capacity as Vice Chair of the Libertarian Party of Texas, is only identified as a respondent in cause number 03-20-00421-CV, but for simplicity, we refer to "respondents" collectively, meaning the Libertarian Party of Texas, Bilyeu, and Congdon for cause number 03-20-00421-CV, and meaning the Libertarian Party of Texas and Bilyeu for cause number 03-20-00422-CV.

requiring them to pay a filing fee or submit a petition in lieu of a filing fee to be eligible to appear on the ballot. *See* Tex. Elec. Code § 141.041(a). Relators further assert that respondents were presented with conclusive proof that the real parties in interest are ineligible for this reason, but respondents have failed to comply with their statutory duty to declare them ineligible to appear on the November 2020 general election ballot as the Libertarian Party candidates. *See id.* § 145.003(b), (f), (g). For the reasons explained below, we dismiss the petitions for writ of mandamus as moot.

## BACKGROUND

Texas Election Code Section 145.003 establishes that candidates in the general election for state and county officers may be declared ineligible only by "the party officer responsible for certifying the candidate's name for placement on the general election ballot, in the case of a candidate who is a political party's nominee." *See id.* § 145.003(b). Section 145.003 provides that a candidate may be declared ineligible if "facts indicating that the candidate is ineligible are conclusively established by another public record." *Id.* § 145.003(f). An ineligible candidate must be removed from the ballot if declared ineligible on or before the 74th day before election day, which for the election at issue here was Friday, August 21, 2020. *See id.* § 145.035.

Late in the evening of Thursday, August 20, 2020, counsel for relator RNCC sent an e-mail asking respondents to withdraw 27 of their candidates, the real parties in interest, from the ballot. Relator requested a response within two hours. The next morning, August 21, 2020,

2

relator RNCC filed its mandamus petition (cause number 03-20-0421-CV).[2] Relator Republican Party of Travis County, Texas, filed its mandamus petition that evening at 9:19 p.m. (cause number 03-20-00422-CV) after asking respondents to withdraw two candidates for the Texas Supreme Court and providing respondents two hours to respond.

Due process and the Texas Rules of Appellate Procedure require that an appellate court must not grant relief in a mandamus proceeding (other than temporary relief) "before a response has been filed or requested by the court." Tex. R. App. P. 52.4; *see also In re Victor Enters., Inc.*, 304 S.W.3d 669, 669 (Tex. App.—Dallas 2010, orig. proceeding) (holding trial court erred by granting mandamus petition without requesting response and providing time for response). Accordingly, this Court requested a response on an expedited basis, one business day later. To assure due process to the real parties in interest, the Court further required relators to provide contact information for each person whose candidacy was being challenged. This information was provided Friday afternoon, and the Court issued notice to them. One letter response from respondents challenging relators' standing was filed by the Court's deadline, followed by a request from respondents' newly hired counsel requesting an additional day to file a brief in response.

## ANALYSIS

"The law is clear that a challenge to the candidacy of an individual becomes moot 'when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law.'" *Brimer v. Maxwell,* 265 S.W.3d 926, 928 (Tex. App.—Dallas 2008, no pet.) (quoting *Polk v. Davidson*, 196 S.W.2d 632, 634 (Tex. 1946) (orig. proceeding)).

---

[2] Relator Van Taylor, a candidate for the Texas 3rd Congressional District, subsequently filed a motion to intervene in cause number 03-20-00421-CV, which was granted by the Court.

"If a challenge to a candidate's eligibility 'cannot be tried and a final decree entered in time for compliance with pre-election statutes by officials charged with the duty of preparing for the holding of the election,' we must dismiss the challenge as moot." *Id.* (quoting *Smith v. Crawford,* 747 S.W.2d 938, 940 (Tex. App.—Dallas 1988, orig. proceeding)).

The Texas Election Code provides that "[a] candidate's name shall be omitted from the ballot if the candidate withdraws, dies, or is declared ineligible on or before the 74th day before election day." Tex. Elec. Code § 145.035. However, "[i]f a candidate dies or is declared ineligible after the 74th day before election day, the candidate's name shall be placed on the ballot." *Id.* § 145.039. "If the name of a deceased, withdrawn, or ineligible candidate appears on the ballot under this chapter, the votes cast for the candidate shall be counted and entered on the official election returns in the same manner as for the other candidates." *Id.* § 145.005(a).

Because relators waited to file their challenge to a total of 30 candidates until the last possible day this Court could grant the relief they seek, they made it impossible for the Court to obtain the information and briefing needed to afford due process and make a reasoned decision until less than 74 days remained before election day. Accordingly, even if this Court were to conclude based on the mandamus record that respondents have a statutory duty to declare the real parties in interest ineligible, their names would remain on the ballot and any votes cast for them would be counted. *See id.* §§ 145.039, .005(a); *see also Brimer,* 265 S.W.3d at 928 (holding that challenge to candidate's eligibility for general election becomes moot when it cannot be tried and final decree entered in time for compliance with pre-election statutes); *accord Smith*, 747 S.W.2d at 940 ("This is true, even though the contestant may have good cause or grounds for the contest.") (citing *Cummins v. Democratic Exec. Comm'n,*

4

97 S.W.2d 368, 369 (Tex. App.—Austin 1936, no writ)). No order that this Court might enter would be effective to change this result. The Republican Party candidates' only legally recognized interest in pursuing this mandamus is to avoid being opposed by an ineligible candidate—an outcome that we cannot, at this point, change. *See In re Sherman*, No. 01-10-00070-CV, 2010 WL 375799, at *1 (Tex. App.—Houston [1st Dist.] Feb. 3, 2010, orig. proceeding); *see also In re Osborn*, No. 03-13-00314-CV, 2013 WL 2157712, at *2 (Tex. App.—Austin May 15, 2013, orig. proceeding) (dismissing mandamus petition filed after statutory deadline for want of jurisdiction because once candidate's name could no longer be removed from ballot, any attack on candidate's eligibility must be brought by State in quo warranto proceeding). Therefore, these mandamus proceedings are dismissed as moot.[3]

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Baker and Kelly
  Dissenting Opinion by Chief Justice Rose

Filed: August 25, 2020

---

[3] We note that relators seek the same relief that was sought and granted in our recent opinion, *In re Davis*, No. 03-20-00414-CV, __S.W.3d__, 2020 WL 4931747 (Tex. App.—Austin Aug. 19, 2020, orig. proceeding). There, the petition for mandamus was filed four business days before the statutory deadline. To assure due process to respondents, this Court required responses in one business day, the same as it did here. And in *In re Davis*, the candidates themselves brought the challenge. While it is clear that "a candidate for the same office has 'an interest in not being opposed by an ineligible candidate,'" *Brimer v. Maxwell*, 265 S.W.3d 926, 928 (Tex. App.—Dallas 2008, no pet.) (quoting *In re Jones*, 978 S.W.2d 648, 651 (Tex. App.—Amarillo 1998, orig. proceeding [mand. denied]) (per curiam)), respondents in this proceeding challenge whether political parties have an interest sufficient to confer standing to pursue mandamus relief. *See Colvin v. Ellis Cnty. Republican Exec. Comm'n*, 719 S.W.2d 265, 266 (Tex. App.—Waco 1986, no writ) (holding that "voter" who was opposing political party's chair had no justiciable interest apart from general public and could not bring suit to enjoin candidacy of ineligible

5

candidates).  We need not reach this issue or the other legal and evidentiary arguments raised by respondents because we are disposing of the mandamus petitions based on mootness.