**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 8, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00685-CV
_____

## IN RE JUAN GERARDO PEREZ PICHARDO AND PUBLIC INTEREST LEGAL FOUNDATION, INC., Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Harris County, Texas**

## MEMORANDUM OPINION

On September 28, 2020, relators Juan Gerardo Perez Pichardo ("Pichardo") and Public Interest Legal Foundation, Inc. (the "Foundation") filed a petition for writ of mandamus in this court. *See* Tex. Elec. Code § 273.061; *see also* Tex. R. App. P. 52.

According to the petition, Pichardo is a registered voter in Harris County, Texas.

According to the petition, the Foundation is a nonpartisan, public interest organization incorporated and based in Indianapolis, Indiana. The Foundation's mission is to promote the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation also seeks to ensure that voter qualification laws and election administration procedures are followed.

The respondent is Ann Harris Bennett, in her capacity as the Voter Registrar for Harris County, Texas ("Bennett"). Relators argue that they are entitled to mandamus relief because Bennett allegedly is failing to perform her ministerial duty to reject and challenge all voter registration applications that do not contain a "YES" answer to the question "Are you a United States citizen?"

Relators ask this court to compel Bennett to:

1. Review all new voter registration applications received for compliance with Election Code Section 13.002(c)(3);

2. Reject any application that contains a "NO" answer to the citizenship question or does not answer "YES" to the citizenship question;

3. Review all previously filed applications of registered voters, or permit the Foundation to review them, and initiate challenge procedures for any registrant who has not submitted an application that contains a "YES" answer to the citizenship question;

4. Review all previously filed applications of registered voters, or permit the Foundation to review them, and initiate challenge procedures for any registrant who has submitted an application that contains a "NO" answer to the citizenship question; and

5. Report findings of any such review to this court and to the Secretary of State of Texas.

Before we can reach the merits of relators' petition, we first must determine whether relators have standing to bring this original proceeding. *In re Hotze*, No.

14-08-00421-CV, 2008 WL 4380228, at *1 (Tex. App.—Houston [14th Dist.] July 10, 2008, no pet.) (per curiam) (mem. op.). The relators' standing is an element of our subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 443–44 (Tex. 1993). Subject-matter jurisdiction is never presumed, and lack of subject-matter jurisdiction is fundamental error that cannot be waived. *Id*. When we sua sponte review a party's standing, we construe the petition in favor of the party and, if necessary, review the entire record to determine if any evidence supports standing. *Id*. at 446. Standing is a constitutional prerequisite to obtaining judicial relief, and courts have no subject-matter jurisdiction over and therefore must dismiss claims made by parties who lack standing to assert them. *See Heckman v. Williamson Cty*., 369 S.W.3d 137, 150 (Tex. 2012).

REQUIREMENTS FOR STANDING

Relators seeks mandamus relief under section 273.061 of the Election Code, which provides:

> The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

Tex. Elec. Code § 273.061. To have standing under section 273.061, a party must demonstrate that it "possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *In re Kherkher*, 604 S.W.3d 548, 553 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (quoting *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001)). The claimant must show a particularized injury beyond that of the general public. *Id*. "Our

decisions have always required a plaintiff to allege some injury distinct from that sustained by the public at large." *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). "No Texas court has ever recognized that a plaintiff's status as a voter, without more, confers standing to challenge the lawfulness of governmental acts." *Id.* For example, a voter lacks standing to seek the removal of an ineligible candidate from the ballot because the voter has no special interest. *See e.g.*, *Clifton v. Walters*, 308 S.W.3d 94, 99 (Tex. App.— Fort Worth 2010, pet. denied); *Brimer v. Maxwell*, 265 S.W.3d 926, 928 (Tex. App.— Dallas 2008, no pet.).

### RELATORS' FAILURE TO SHOW STANDING

Pichardo argues that he has standing to obtain mandamus relief under section 273.061 because, unless Bennet is compelled to comply with the Election Code, he is at risk of having his vote canceled out by an ineligible vote. But that alleged harm is true of every member of the general public who is registered to vote. Pichardo lacks standing because he has not shown that he has an interest or a particularized injury that is distinct from that of the general public. *See e.g.*, *Brown*, 53 S.W.3d at 302; *In re Kherkher*, 604 S.W.3d at 553.

The Foundation argues that it is harmed or injured by Bennett's alleged noncompliance with the Election Code because Bennett's noncompliance has impaired and will continue to impair it from carrying out its mission to promote election integrity and compliance with federal and state statutes that ensure the integrity of elections. The Foundation alleges it has diverted resources and incurred substantial costs to obtain Registrar Bennett's voter list maintenance records and monitor her compliance with the Election Code, and that absent relief, it will be forced to divert additional resources. The Foundation lacks standing because it has not shown that it has an interest or a

particularized injury that is distinct from that of the general public. *See e.g.*, *In re Kherkher*, 604 S.W.3d at 553. The mere fact that the Foundation has incurred expenses and legal fees to bring this litigation does not establish a particularized injury that is sufficient to confer standing to bring an action under section 273.061 of the Election Code. The Foundation cites no authority that supports its standing argument.

## CONCLUSION

Because relators have not shown that they have standing to seek mandamus relief under section 273.061 of the Election Code, this court lacks subject-matter jurisdiction. We therefore dismiss relators' petition for writ of mandamus for lack of jurisdiction.[1]

PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant.

---

[1] Additionally, the election is already underway. The Harris County Clerk has represented to the Texas Supreme Court that his office would accept mail-in ballots beginning September 24. *In re Hotze*, No. 20-0430 (Tex. Oct. 7, 2020), available at https://www.txcourts.gov/media/1449868/200739.pdf. "The United States Supreme Court has repeatedly warned against judicial interference in an election that is imminent or ongoing." *Id*. (citations omitted).