**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 14, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00697-CV

## IN RE JUAN GERARDO PEREZ PICHARDO AND THE REPUBLICAN PARTY OF TEXAS., Relators

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
### Harris County, Texas

## MEMORANDUM OPINION

On October 11, 2020, relators Juan Gerardo Perez Pichardo ("Pichardo") and the Republican Party of Texas filed a petition for writ of mandamus in this court. *See* Tex. Elec. Code Ann. § 273.061; *see also* Tex. R. App. P. 52.

According to the petition, the Republican Party of Texas provides the infrastructure through which those who share its conservative principles can get involved in the political process, run for and be elected to public office, and govern according to its principles when elected.

According to the petition, Pichardo is a registered voter in Harris County, Texas.

The respondent is Chris Hollins, in his official capacity as the County Clerk of Harris County, Texas ("Hollins"). Relators argue that they are entitled to mandamus relief because Hollins has announced that the Harris County Clerk's Office will allow any and all registered Harris County voters to engage in early and election day "drive-thru" or curbside voting and allegedly will permit such voting without enforcement of the requirements of Election Code sections 64.009, 82.002, and 104.001.[1] Tex. Elec. Code Ann. §§ 64.009, 82.002, 104.001.

Relators ask this court to compel Hollins to:

1. Review all curbside voting applications submitted by any person requesting to vote curbside during either Early Voting or Election Day Voting in Harris County for facial compliance with Texas Election Code Sections 64.009, 82.002 and 104.001-104.005, as required by the Texas Election Code Sections 83.002 and 104.001;

2. Reject all curbside voting applications submitted by any person requesting to vote curbside during either Early Voting or Election Day Voting in Harris County which lack facial compliance with Texas Election Code Sections 64.009, 82.002 and 104.001-104.005, as required by the Texas Election Code Sections 83.002 and 104.001;

3. Reject any curbside voting efforts during either Early Voting or Election Day Voting in Harris County which are not in compliance with Texas Election Code Sections 64.009, 82.002 and

---

[1] As support for its complaint, relators cite statements that Hollins made at a press conference and a video posted on the Harris County Clerk's Office website. However, neither the press conference statement or the video indicate that the requirements of Election Code sections 64.009, 82.002, and 104.001 will not be enforced. Therefore, relators have not produced evidence that Hollins will or has failed to perform his duties under the Election Code.

104.001-104.004, as required by the Texas Election Code Sections 83.002 and 104.001; and;

4. Limit curbside voting activity which is adjacent to only those polling locations which are inside of a building, as required by Section 43.031 of the Texas Election Code.

## STANDING IS AN ELEMENT OF SUBJECT MATTER JURISDICTION

Before we can reach the merits of relators' petition, we first must determine whether relators have standing to bring this original proceeding. *In re Hotze*, No. 14-08-00421-CV, 2008 WL 4380228, at \*1 (Tex. App.—Houston [14th Dist.] July 10, 2008, no pet.) (per curiam) (mem. op.). The relators' standing is an element of our subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 443–44 (Tex. 1993). Subject-matter jurisdiction is never presumed, and lack of subject-matter jurisdiction is fundamental error that cannot be waived. *Id*. When we sua sponte review a party's standing, we construe the petition in favor of the party and, if necessary, review the entire record to determine if any evidence supports standing. *Id*. at 446. Standing is a constitutional prerequisite to obtaining judicial relief, and courts have no subject-matter jurisdiction over and therefore must dismiss claims made by parties who lack standing to assert them. *See Heckman v. Williamson Cty*., 369 S.W.3d 137, 150 (Tex. 2012).

## REQUIREMENTS FOR STANDING

Relators seeks mandamus relief under Election Code section 273.061, which provides:

The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with

3

the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

Tex. Elec. Code Ann. § 273.061.

To have standing under section 273.061, a party must demonstrate that it "possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *In re Kherkher*, 604 S.W.3d 548, 553 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (quoting *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001)). The claimant must show a particularized injury beyond that of the general public. *Id*. "Our decisions have always required a plaintiff to allege some injury distinct from that sustained by the public at large." *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). "No Texas court has ever recognized that a plaintiff's status as a voter, without more, confers standing to challenge the lawfulness of governmental acts." *Id*. For example, a voter lacks standing to seek the removal of an ineligible candidate from the ballot because the voter has no special interest. *See, e.g.*, *Clifton v. Walters*, 308 S.W.3d 94, 99 (Tex. App.—Fort Worth 2010, pet. denied); *Brimer v. Maxwell*, 265 S.W.3d 926, 928 (Tex. App.—Dallas 2008, no pet.).

Standing requires "a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman*, 369 S.W.3d at 154. Texas has adopted the federal courts' standing doctrine to determine the constitutional jurisdiction of state courts. *Id*. To maintain standing, petitioners must show: (1) an "injury in fact" that is both "concrete and particularized" and "actual or imminent"; (2) that the injury is "fairly traceable" to the defendant's challenged actions; and (3) that it is "'likely,' as opposed to merely 'speculative,' and that the injury will be 'redressed

by a favorable decision.'" *Id*. at 154–55 (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

### RELATORS' FAILURE TO SHOW STANDING

Pichardo argues that he has standing to obtain mandamus relief under Election Code section 273.061 because, unless Hollins is compelled to enforce Election Code sections 64.009, 82.002, and 104.001 with respect to curbside voting, Pichardo is at risk of having his vote canceled out by an ineligible vote. But that alleged harm is true of every member of the general public who is registered to vote. Pichardo lacks standing because he has not shown that he has an interest or a particularized injury that is distinct from that of the general public. *See, e.g.*, *Brown*, 53 S.W.3d at 302; *In re Kherkher*, 604 S.W.3d at 553; *In re Pichardo*, No. 14-20-00685-CV, 2020 WL 5950178, at *2 (Tex. App.—Houston [14th Dist.] Oct. 8, 2020, orig. proceeding) (per curiam) (mem. op.).

The Republican Party of Texas argues that Hollins's alleged intent to not enforce Election Code sections 64.009, 82.002, and 104.001 with respect to curbside voting will harm its mission and purpose of advancing limited government, lower taxes, less spending, and individual liberty and promoting compliance with state election statutes. The Republican Party of Texas lacks standing because it has not shown that it has an interest or a particularized injury that is distinct from that of the general public. *See, e.g.*, *In re Kherkher*, 604 S.W.3d at 553. The Republican Party of Texas cites no authority that supports its standing argument.

5

## ELECTION CURRENTLY IN PROGRESS

Additionally, the election is already underway. The press conference at which Hollins announced that the Harris County Clerk's Office will allow Harris County registered voters to engage in early and election day curbside voting occurred on September 10, 2020. Relators have offered no justification for their delay until October 13, 2020 to file their petition for writ of mandamus. "The Texas Supreme Court has recognized that the United States Supreme Court has repeatedly warned against judicial interference in an election that is imminent or ongoing." *In re Hotze*, No. 20-0739, 2020 WL 5919726, at *3 (Tex. Oct. 7, 2020). "When the record fails to show that petitioners have acted diligently to protect their rights, relief by mandamus is not available." *Id.*

## CONCLUSION

Because relators have not shown that they have standing to seek mandamus relief under Election Code section 273.061, this court lacks subject-matter jurisdiction. Additionally, because the election is currently in progress and the relators delayed filing this mandamus until over a month after learning of the actions of the Harris County Clerk's Office, mandamus relief is not available. We therefore dismiss relators' petition for writ of mandamus for lack of jurisdiction.


PER CURIAM


Panel consists of Justices Spain, Hassan, and Poissant.

6