Eleanor Janice LAW, Appellant,

v.

Sherry JOHNSON, Chair,
et al., Appellee.

No. B14–92–00110–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 19, 1992.

Janice E. Law, Houston, for appellant.

Michael J. Wood, Joseph M. Nixon, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

Appellant, Eleanor Janice Law, seeks this court to order a permanent injunction to issue directing Sherry Johnson as the Chair of Executive Committee of the Republican Party of Harris County, Texas as well as the Executive Committee itself and the Primary Committee of the Executive Committee of the Republican Party of Harris County, Texas to omit the name of Danny Perkins from the official ballot in the March 10, 1992 Republican primary.

This Court granted appellant's accelerated appeal, and parties were heard in oral argument on March 6, 1992.

The appellant is an attorney and Republican candidate for Justice of the Peace, Precinct 2, Position 1 in Harris County Texas. She contends that Mr. Perkins is ineligible to be placed on the March 10, 1992 ballot because of irregularities in his applications. On December 26, 1991, Mr. Perkins tendered an application to Republican headquarters. The application itself indicated that he was seeking to run for Justice of the Peace, Precinct 2, Position 1; however, the attached jurat indicated that he was seeking to run for Justice of the Peace, Precinct 2, Position 2. In addition, the

tendered application was never signed by Ms. Johnson, an official at Republican headquarters, and was rejected due to its irregularities. While the application was returned to Mr. Perkins, he did not receive a refund of his filing fee. A second application was later filed on December 30, 1991 and signed by Ms. Johnson on December 31, 1991. However, the December 30, 1991 application was unsigned by Mr. Perkins. Appellant sought to have Ms. Johnson remove Mr. Perkins' name from the ballot. The filing deadline was January 10, 1992; five days later, Mr. Perkins returned to the party headquarters and had placed in his file the December 26, 1991 application which contained his signature.

Appellant brought action in the trial court seeking the imposition of a permanent injunction enjoining Ms. Johnson from placing Mr. Perkins' name on the March 10th ballot. Section 141.031 of the Election Code mandates that:

A candidate's application for a place on the ballot that is required by this code must:

(1) be in writing;

(2) *be signed* and sworn to by the candidate and indicate the date that the candidate swears to the application;

(3) be timely filed with the appropriate authority; and

(4) include:

(A) the candidate's name;

(B) the candidate's occupation;

(C) *the office sought, including any place number or other distinguishing number;*

(D) an indication of whether the office sought is to be filled for a full or unexpired term if the office sought and another office to be voted on have the same title but do not have place numbers or other distinguishing numbers;

(E) a statement that the candidate is a United States citizen;

(F) a statement that the candidate has not been determined mentally incompetent by a final judgment of a court;

(G) a statement that the candidate has not been finally convicted of a felony from which the candidate has not been pardoned or otherwise released from the resulting disabilities;

(H) the candidate's date of birth;

(I) the candidate's residence address or, if the residence has no address, the address at which the candidate receives mail and a concise description of the location of the candidate's residence;

(J) the candidate's length of continuous residence in the state and in the territory from which the office sought is elected as of the date the candidate swears to the application; and

(K) the statement: "I, _____, of _____ County, Texas, being a candidate for the office of _____, swear that I will support and defend the constitution and laws of the United States and of the State of Texas";

(L) a statement that the candidate is aware of the nepotism law, Articles 5996a through 5996g of the Revised Statutes.

TEX.ELEC.CODE ANN. § 141.031 (Vernon Supp.1991) (*emphasis added*). Mr. Perkins failed to sign the December 30, 1991 application.

In addition, appellant contended that the combination of the December 26, 1991 and the December 30, 1991 applications constituted an application for more than one position since the jurat in the first application noted that Mr. Perkins was running for position two and the December 30, 1991 application was for position 1. Nevertheless, Mr. Perkins asserted that the elements of these two applications sufficed to satisfy the filing requirements for a single office. Thereafter, the trial court denied appellant's request for injunctive relief. Appellant now seeks reversal of the trial judge's denial of injunction because it was an abuse of discretion. However, we are unable to determine the trial court's reasoning because no findings of fact or conclusions of law were requested nor filed.

■ If *findings of fact and conclusions of law* are neither requested nor filed, the judgment of the trial court implies all necessary findings to support the judgment. *See, e.g., Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980). The trial court's decision must be sustained if there is any reasonable legal theory consistent with the evidence to support it. *Id.* In this instance, we find that the trial court was not without a proper legal theory upon which to deny appellant's request for a permanent injunction. The trial court could have concluded that the issue was moot.

To the contrary, appellant relies on the provisions of section 141.033(a) of the Election Code which provides that:

A candidate may not file applications for a place on the ballot for two or more offices that:

(1) are not permitted by law to be held by the same person; and

(2) are to be voted on at one or more elections held on the same day.

TEX.ELEC.CODE ANN. § 141.033(a) (Vernon 1986). It is her contention that the use of both the December 26th and December 30th applications constituted a filing for both positions one and two because the jurat on the first application made reference to position one and the second application referred to position one.

However, the last day upon which a challenging party may attack an application for compliance with the applicable requirements as to form is the day before the beginning of absentee voting. TEX.ELEC. CODE ANN. § 141.034 (Vernon 1986). It states that:

An application for a place on the ballot may not be challenged for compliance with the applicable requirements as to form, content, and procedure after the day before the beginning of early voting by personal appearance for the election for which the application is made.

TEX.ELEC.CODE ANN. § 141.034 (Vernon Supp.1992). Absentee voting for the March 10, 1992 primary began on February 19, 1992. While Appellant's challenge to Mr. Perkins candidacy began prior to that date, the underlying policy behind the statute still applies.

■ Furthermore, we do not reach the merits of appellant's appeal. It is now moot. At some point, a challenge to the candidacy of an individual becomes moot. *See Smith v. Crawford,* 747 S.W.2d 938, 940 (Tex.App.—Dallas 1988, no writ). A

case is moot " 'when any right which might be determined by the judicial tribunal could not be effectuated in the manner provided by law.' " *Id. (quoting Sterling v. Ferguson*, 122 Tex. 122, 142, 53 S.W.2d 753, 761 (1932)). It has been well established that a contest as to the candidacy of an individual must be dismissed as moot where the contest cannot be tried and a final decree issued in time for it to be complied with by election officials. *Id.* Although a contestant may have a valid challenge it cannot be sustained once it has become moot. *Id.* A case is moot once it has become too late to invalidate a candidate and print new absentee ballots in time for the beginning of the casting of ballots. *Id.* Absentee voting for the March 10, 1992 primary began on February 19, 1992. Therefore, appellant's sole point of error is moot and is overruled.

The judgment of the trial court denying a permanent injunction is affirmed. Further, it is ordered that this judgment is effective immediately.