Opinion issued April 29, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00369-CV

____________


IN RE KENNETH BOWEN, RYAN CARNEY, DIANA J. BRASELTON, JAMES
ANDERSON, DENNIS A. BAILEY, JUDY BREEDLOVE, RODNEY D. KENAS,
JAMES D. SUMMERS, RICHARD H. SUTTON, AND DARRELL CARNEY,
Relators







Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relators (1) have filed a petition for writ of mandamus to compel the Dickinson
Independent School District (DISD), (2) Dickinson, Galveston County, Texas to strike
the name of Susan Wilcox from the ballot for position 1, Board of Trustees, DISD.

 Ms. Wilcox filed her initial application for candidacy for position 1 on March
1, 2002. That application indicated she had resided for one month in the single
member district 1. She filed her second application on March 14, 2002, which she
amended to reflect residency duration of six months in district 1. Relators filed a
petition for an injunction to have Ms. Wilcox stricken from the ballot on April 5,
2002. A hearing was held on April 15, 2002, and the trial court signed an order on
April 16, 2002 denying injunctive relief. Mandamus relief was sought in this Court
at 3:11 p.m. on April 16, 2002. Early voting commenced on April 17, 2002, (3) and Ms.
Wilcox's name was on the ballot. (4) 

 In Sterling v. Ferguson, 53 S.W.2d 753 (Tex. 1932), the supreme court held
that a trial court hearing a case to remove a candidate from the ballot cannot grant
substantial relief once the time passes for the name of the contestant or certificate
holder to be certified to the local election officers and to be placed on the official
ballot. Id. at 763. A court cannot enjoin the holding of an election; a general election
must be held on the statutory date. Id. See also Law v. Johnson, 826 S.W.2d 794,
796-97 (Tex. App.-Houston [14th Dist.] 1992, orig. proceeding) (contest to
candidacy is moot when contest cannot be tried and final decree issued in time for it
to be complied with by election officials); Smith v. Crawford, 747 S.W.2d 938, 939-40 (Tex. App.-Dallas 1988, orig. proceeding) (challenge filed one day prior to
beginning of absentee voting is moot; any order entered would interfere with orderly
process of election). 

 We deny the petition for writ of mandamus and the motion for emergency
ruling as moot.

PER CURIAM

Panel consists of Justices Cohen, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. Relator Bowen is also a candidate for position 1. The other relators are 
registered voters, residents of Dickinson, and within the jurisdiction of the DISD.
2. There is some doubt in our mind that DISD is the proper respondent. 
Section 273.061 of the Election Code (Vernon 1986) provides that the supreme court
or a court of appeals may issue a writ of mandamus to compel the performance of any
duty imposed by law in connection with the holding of an election, regardless of
whether the person responsible for performing the duty is a public officer. Section
144.004 of the Election Code (Vernon 1986) provides that an application for a place
on the ballot must be filed with the secretary of the political subdivision's governing
body or, if the governing body has no secretary, with the governing body's presiding
officer. The governing body of an independent school district is the board of trustees. 
See Tex. Educ. Code Ann. § 11.051(a) (Vernon 1996). At a hearing in the district
court on April 15, 2002, Billy Brown, Jr., the tax assessor for DISD, stated that he
had been appointed by the board of trustees as the election agent for DISD.
3. See Tex. Elec. Code Ann. § 85.001(Vernon Supp. 2002). Balloting
materials for voting by mail must be mailed to voters as soon as practicable after the
ballots become available, but not earlier than the 45th day before election day. Tex.
Elec. Code Ann. § 86.004 (Vernon Supp. 2002). A voter may mark the mail ballot
at any time after receiving it, Tex. Elec. Code Ann. § 86.005(b) (Vernon Supp.
2002), and the ballot must arrive at the appropriate address before the time the polls
are required to close on election day. Tex. Elec. Code Ann. § 86.007(a) (Vernon
Supp. 2002).
4. Brown testified, in response to the question would it be possible for Ms.
Wilcox's name to be removed from the ballot to have ready new ballots by April 17: 
"Then it's my understanding of the Election Code if you have an unopposed
candidate, the election is declared over with. There's no election to be done. The
unopposed candidate will be elected. . . . . [The ballots] will be thrown away. There's
no election. . . ." Brown's understanding is incorrect. See Tex. Elec. Code Ann. §§
2.051, 2.052, 2.053 (Vernon Supp. 2002).