ACCEPTED
02-17-00346-cv
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/21/2017 3:07 PM
DEBRA SPISAK
CLERK

## NO.02-17-00346-CV

**In the Court of Appeals
Second District of Texas
Fort Worth, Texas**

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

12/21/2017 3:07:22 PM

DEBRA SPISAK
Clerk

**City of Forest Hill, Texas, and Brigette Mathis**

**Appellants,**

**v.**

**Michelle Benson, in her official capacity and individually,**

**Appellee.**

*On Appeal from the 153rd Judicial District Court of Tarrant County, Texas
Cause No.153-290222-17; the Honorable Susan Heygood McCoy Presiding*

APPELLEE'S BRIEF

HAROLD D. HAMMETT
State Bar No. 08855000
4330 W. Vickery Blvd., Ste 140
Fort Worth, Texas 76107
Telephone: 817-820-3108
Facsimile: 817-882-6955
hammettlaw@att.net
ATTORNEY FOR APPELLEE

**ORAL ARGUMENT NOT REQUESTED**

1

TO THE HONORABLE COURT OF APPEALS:


## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would be of little or no help to the Court because crucial facts are undisputed. But Appellee would welcome oral argument if the Court requests it.

# TABLE OF CONTENTS

Statement Regarding Oral Argument………………………………………………2

Table of Contents………………………………………………………………...3

Index of Authorities…………………………………………………………...5

Statement of the Case……………………………………………………….6

Statement of Issues Presented for Review……………………………………7

Statement of Facts………………………………………………………..8

Summary of the Argument……………………………………………………...11

Argument and Authorities………………………………………………………12

Appellee's Issue No. 1:

    THE DISTRICT COURT CORRECTLY GRANTED JUDGMENT IN FAVOR OF BENSON……………………………………………………..12

    A.    Section 141.033 is mandatory and governs this case…………………12

    B.    Retroactive incompatibility applies also to the second application filing, not just to the oath………………………………………………14

    C.    Section 141.034 does not apply…………………………………..16

        1.    Sect. 141.034(b) expressly excludes candidate's eligibility from its time limits……………………………………………………16

        2.    The focus of Sect. 141.034 is different from this case…………18

        3.    The District Court Judgment avoids an unreasonable and unjust result………………………………………………………19

        4.    The "automatically resigns" cases often involve a longer time frame before first occupying the two offices…………………21

Appellee's Issue No. 2:

    THE DISTRICT COURT CORRECTLY ISSUED THE PERMANENT INJUNCTION…………………………………………………………..22

Appellee's Issue No. 3:

    THE DISTRICT COURT CORRECTLY AWARDED ATTORNEY'S FEES TO BENSON………………………………………………………………….23

Conclusion and Prayer………………………………………………………….23

Certificate of Compliance……………………………………………………….25

Certificate of Service…………………………………………………………….25

Appendix………………………………………………………………….....26

    First Amended Final Judgment with Permanent Injunction (C.R.491)…Tab 1

    Findings of Fact and Conclusions of Law (Supp. C.R.4)………………Tab 2

    Tex. Elec. Code Sect. 141.033…………………………………………..Tab 3

    Tex. Elec. Code Sect. 141.034…………………………………………..Tab 4

    Tex. Elec. Code Sect. 162.015…………………………………………..Tab 5

# INDEX OF AUTHORITIES

**CASE LAW**                                                                                               **PAGE**

*In re Bell*,
91 S.W.3d 784 (Tex. 2002)……………..………………………………………...19

*In re Crenshaw*,
207 WL 1292013 (Tex. App—Dallas April 7th, 2017 no pet.)……………………18

*In re Ducato*,
66 S.W.3d 558 (Tex. App.—Fort Worth 2002, no pet)…………………….…...…19

*Law v. Johnson*,
826 S.W.2d 794 (Tex. App.—Houston [14th Dist.] 1992, no writ)………………18

*Pruitt v. Glenrose Indep. Sch. Dist.*,
84 S.W.2d 1004 (Tex. 1935)………………………………………………………...21

*State v. Hodges*,
92 S.W.3d 489 (Tex. 2002)……………………………………………………….17

*Tovar v. Bd. of Trustees of Somerset Indep. Sch. Dist.*,
994 S.W.2d 756 (Tex. App.—Corpus Christi 1999, pet. denied)………………...20

*Wallace v. Howell*,
707 S.W.2d 876 (Tex. 1986)…………………………………………………13, 14

**STATUTES AND CODES**

Tex. Gov't Code Sect. 37.009……………………………………………………….23

Tex. Gov't Code Sect. 311.021…………………………………………………...19

Tex. Elec. Code Sect. 1.003(a)……………………………………………………19

Tex. Elec. Code Sect. 141.032……………………………………………………17

Tex. Elec. Code Sect. 141.033…………………………………...6, 8, 9-17, 20, 22, 23

Tex. Elec. Code Sect. 141.034……………………………………11, 12, 16, 18, 23

Tex. Elec. Code Sect. 162.015…………………………………………………17

Tex. Elec. Code Sect. 201.025………………………………………………11, 21, 23

## STATEMENT OF THE CASE

This Appeal concerns the effort by the City of Forest Hill to deprive Michielle Benson of her position on the City of Forest Hill City Council after she won a majority vote on the same date to both the City Council and the City of Forest Hill Library Board of Trustees.

She filed her application to be on the ballot for City Council first, and then afterward filed her application to be on the ballot for the Library Board. Later, she took the oath of office first for City Council, and then the oath for Library Board.

The City requested an Opinion from the Attorney General, who opined that the two offices were incompatible, and that Mrs. Benson "effectively resigned" from the City Council when she later took the oath of office for Library Board on the same day. The Attorney General Opinion did not address Election Code Section 141.033, which provides that (a) a candidate cannot file an application to be on the same ballot for two separate offices unless permitted by law, and (b) if she does, any application filed after the first one is invalid.

Promptly acting on the Attorney General's Opinion, the City Council declared that Dr. Benson had resigned, and appointed as her replacement Brigette Mathis, the prior incumbent that Benson defeated for City Council. The District Court held the City Council's actions null and void under Section 141.033 and permanently

enjoined the City from interfering with her position on the City Council during the remainder of the term for which she was elected. (Supp. C.R. 9-11).

*Course of proceedings:*

Appellant's Brief correctly states the Court's proceedings.

*District Court's disposition:*

Following a bench trial held on April 10th, 2017, the District Court issued its Final Declaratory Judgment with Permanent Injunction on June 16th, 2017. On September 6th, 2017, the District Court issued its First Amended Final Judgment with Permanent Injunction from which Appellants appeal. That Judgment declared that the City's declaration that Benson had effectively resigned was null and void, that the appointment of Mathis was null and void, and the City was permanently enjoined from interfering in any way with Benson's City Council position. The District Court also awarded Benson attorney's fees. (Supp. C.R. 9-11).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**Issue 1:** The District Court correctly granted judgment in favor of Benson because the retroactive effect of the Attorney General's Opinion on conflicting offices must be applied to Benson's second application for a place on the ballot, not

just to her second oath of office. (C.R. 496; Supp. C.R. 9-11). Tex. Elec. Code Sec. 141.033 governs this case. Benson first filed for City Council. When, after that, she filed for Library Board, her second application was null and void; she was never properly elected to the Library Board for a conflict to exist.

**Issue 2:** The District Court correctly issued the Permanent Injunction because the City erred in declaring that Benson effectively vacated her City Council position when, right after taking the oath of office for City Council, she took the oath of office for Library Board, to which she was never legally elected under Sect. 141.033.

**Issue 3:** The District Court correctly awarded attorney's fees to Benson, the amount of which the City does not challenge.

## STATEMENT OF FACTS AND BACKGROUND

Note: Appellee Benson offers the following statements of facts as more complete than those stated by Appellant City. Record references are to the Supplemental Clerk's Record (Supp. C.R.) which Benson requested to be filed. Appellants' record references are to one of their own briefs, not to the District Court's Findings of Fact (although Appellants attached those findings as Tab 4 in their Appendix).

1. On January 22nd, 2016, Benson submitted applications for two different positions on the same ballot: first an application for the Forest Hill City Council, Place 3 position, and then a second application for Trustee of the City of Forest Hill Library Board. (Supp. C.R. 5).

2. The City did not attempt to prohibit Benson from running for both offices, even though it knew of Sec. 141.033 Tex. Elec. Code. The reason for her being allowed to be on the ballot for both offices was because there was no statute, court, or Attorney General opinion that determined the two offices were in conflict (Supp. C.R. 5).

3. Benson won a majority vote for both offices. On May 17th, 2016, Benson took the oath of office for City Council. She then took the oath as Trustee for the Library Board that same day. (Supp. C.R. 6). Benson served in both offices until January 6th, 2017 (Supp. C.R. 6).

4. At its June 7th, 2016, meeting the City Council expressed concern whether Benson could serve both offices without someone calling into question her votes cast in either one. Benson herself wanted to know and made the City Council Motion to seek an Attorney General's opinion (Supp. C.R. 6).

5. The Forest Hill City Attorney composed an opinion request letter to the Attorney General and provided it to the Tarrant County District Attorney for the

District Attorney to forward to the Attorney General. The City Attorney did not mention Tex. Elec. Code Sec. 141.033 in his draft letter to be sent to the Attorney General (Supp. C.R. 6, 7), even though he knew about it (Supp. C.R. 5).

6.      On January 3rd, 2017, the Attorney General's office issued its Opinion in which it concluded that Benson's dual roles were incompatible and she was deemed to have "effectively resigned" her position on the City Council when she later took the oath of office for Library Board Trustee after taking the oath of office for City Council. The Opinion did not address Sect. 141.033 or inquire which office was applied for first (Supp. C.R. 7).

7.      The City Council immediately acted. It scheduled a special meeting for three days later, on January 6th, to consider implementing the Attorney General's Opinion (Supp. C.R. 7).

8.      Dr. Benson requested that the City Council meeting to discuss her two offices be postponed until she could return from New York City to attend the meeting after January 6th. The Council ignored that, met on January 6th, 2017, voted to accept Benson's deemed resignation from the Council, and appointed Mathis to fill her place until a special election on May 6th, 2017 (which was not held because of the District Court's Temporary Injunction) (Supp. C.R. 7).

9.     In addition to its Final Judgment with Permanent Injunction, the District Court granted plaintiff's reasonable, necessary, and just and equitable attorney's fees (Supp. C.R. 8-9). Appellant does not challenge the amounts, but only asks for District Court reconsideration if this Court reverses. (Appellants' Brief p.22).

## SUMMARY OF THE ARGUMENT

1.     The District Court correctly ruled that the Attorney General's determination of incompatibility in the two offices related back to the timing Benson filed her second application, not just to the later time she took her second oath of office, both for Library Board. The common law cases of incompatibility, and Tex. Elec. Code Sect. 201.025 relied on by the city are irrelevant, because under Sec. 141.033(b) Benson was never legally elected to the second office for which she applied to be on the ballot, upon giving effect to the Attorney General's Opinion on conflicting offices. (All Section citations are to the Tex. Elec. Code unless otherwise stated). There was no meaning on Benson's taking the second oath; it was to an office she was prohibited from seeking.

2.     The City erroneously argues that there should have been "a challenge" to Benson's application before early voting started under Elec. Code Sec. 141.034. That is wrong because section 141.034(b) expressly states it does not apply to a

candidate's eligibility. By applying for City Council, Benson became ineligible to apply for Library Board on the same ballot. Sect. 141.034 contemplates one specific candidate to challenge the ballot application by another specific candidate to keep a prospective opponent off the ballot, or by a candidate opposing an election official's decision to keep her off the ballot. That is a totally different situation from the facts in this case. The City does not say who should have challenged Benson's second application. A challenge by another person was unnecessary. Sec. 141.033 (b) was an automatic disqualification by statute declaring her second application, for Library Board, invalid once the two offices were deemed incompatible.

## ARGUMENT AND AUTHORITIES

**Issue No.1:** In reply to Appellants' Issue No. 1, the District Court did not err, but correctly granted Judgment in favor of Benson, applying Election Code Section 141.033.

A. Sect. 141.033 is mandatory and governs this case.

The determining issue in this case is when to apply the Attorney General's Opinion that the offices of City Council and Library Board are incompatible.

Section 141.033 states (in part):

(a) A candidate may not file applications for a place on the ballot for two or more offices that:

(1) are not permitted by law to be held by the same person; and

(2) are to be voted on at one or more elections held on the same day.

(b) If a person files more than one application for a place on a ballot in violation of this section, each application filed subsequent to the first one filed is invalid.

Benson first filed her application to be on the ballot for City Council (Supp. C.R.5). Benson then filed her second application, for Library Board. That second application is the proper target of the A.G. Opinion, not her second oath, for Library Board.

The self-enacting, automatic invalidating effect of a second application was enforced early after Section 141.033 was enacted in *Wallace v. Howell*, 707 S.W.2d 876, 877 (Tex. 1986). There, Respondent Howell filed an application as a candidate for associate justice, Texas Supreme Court, Place 1. Two days later, January 23rd, 1986, Howell attempted to switch his candidacy from Place 1 to Place 3 to run against Relator Wallace. Howell did so by accompanying his second filing, for Place 3, with a letter stating that conditioned on the Republican Party Chairman's accepting his second filing, for Place 3, he conditionally withdrew as a candidate for

Place 1, and based on that same condition, requested "conditionally that my name be omitted from the ballot as a candidate for Place 1." *Wallace*, 707 S.W.2d at 877.

The Texas Supreme Court held that Howell's second application, for Place 3, was invalid upon filing: "This result is mandated by the plain language of Section 141.033 and this Court's previous decisions that statutory requirements concerning candidacy for political office are mandatory and are to be strictly enforced." *Wallace*, 707 S.W.2d at 877. The timing of the Supreme Court's holding does not affect the mandatory effect it gives to Sect. 141.033.

B. Retroactive incompatibility applies also to the second application filing, not just to the oath.

Appellants' Brief (p. 20) misleadingly states: "Taking into consideration all of the facts in this case, the Attorney General Opinion held that since both positions held by Benson created conflicting loyalties, Benson could not hold both positions." Appellants' statement is both misleading and wrong because the Attorney General did not take into consideration all of the facts in this case. His Opinion says nothing about Sec. 141.033. His Opinion says nothing about the necessity to inquire into whether Benson filed first or second to be on the ballot for Library Board.

The City's position is apparently that the Attorney General's post-election and post-oath incompatibility Opinion floated backwards, retroactively only to the time

when Benson took the second oath of office. But that retroactive effect did not stop there. It kept going and impacted what happened earlier: her second application, which by the express terms of Sec. 141.033(b) was invalid.

The Attorney General's Opinion held that the Library Board Trustee was not an office "permitted by law" under Sec. 141.033(a) to be held by a City Council member. Unavoidably, that meant that her second filed application, for Library Board, was invalid 141.033(b). Benson was never elected to the Library Board legally; her oath of office for Library Board was irrelevant. The Attorney General, having not been informed of the crucial facts in this case, and ignoring Sect. 141.033, effectively ruled that Benson's second oath meant she was holding an office to which Sect. 141.033(b) mandates she was not eligible to be elected.

That Opinion is correct as to incompatibility but faulty because the Attorney General did not address Sect. 141.033. Appellants' acknowledge retroactive application of the Attorney General's Opinion, but to the wrong event. Retroactivity hit Benson's second filing squarely; invalidating it, and rendering irrelevant her subsequent oath for Library Board.

C. Sect. 141.034 does not apply.

Appellants choose to ignore Sect. 141.033, and instead rely on Sect. 141.034. That section states what the City says it does (Appellants' Brief p. 15), but also states something else important that the City chose to ignore and did not cite ((b) below):

> (a) an application for a place on the ballot may not be challenged for compliance with the applicable requirements as to form, content and procedure after the day before any ballot to be voted on by early mail is mailed to an address in the authorities' jurisdiction for the election for which the application is made.
>
> (b) This section does not apply to a determination of a candidate's eligibility. [Emph. added.]

Section 141.034 does not apply to this case, for two reasons.

1. Sect. 141.034(b) expressly excludes candidate's eligibility from its time limits.

Subparagraph (b), expressly states the entire Sect. 141.034 does not apply to a determination of a candidate's eligibility. The first inquiry in this case is: Was Benson eligible to be on the ballot for election to the second office for which she applied to be placed on the same ballot? The answer is no.

A valid application is required to be on the ballot. The applicable authority (City Secretary in this case; C.R.R., Vol. 2, p.15) "with whom the application is filed

shall review the application to determine whether it complies to the <u>requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot</u>." Elec. Code Sect. 141.032. (Emph. added).

For Benson to be eligible to be elected to the office of Trustee of the Library Board, she must have timely filed a valid application for a place on the ballot. Filing the second application was not valid because it was second; only the first one was valid under Sect. 141.033 (b).

Ineligibility is created in the Election Code to make ineligible a candidate because of prior conduct. For example, Sect. 162.015 precludes a primary candidate from running in the general election from the same office that she lost or as an independent, or write-in candidate or candidate for any other political party. *State v. Hodges*, 92 S.W.3d 489, 494-495 (Tex. 2002).

Upon retroactive determination of incompatibility of the two offices, Sect. 141.033 (b) automatically nullified Benson's application to be on the ballot for Library Board Trustee when it was filed after she filed first for City Council. Benson became ineligible for the Library Board.

## 2. The focus of Sect. 141.034 is different from this case.

The second reason that relying on Sect. 141.034 is erroneous is that its ballot access challenge inherently presupposes two people in opposition seeking the same office, or contesting access to it, not present in this case.

Two people, with opposing positions, are needed to challenge an application to be on the ballot under the concepts in the Elec. Code Sec. 141.034. One candidate can timely challenge an opponent's application to avoid competition. Appellants' cited case, *Law v. Johnson*, 826 S.W.2d 794 (Tex. App.—Houston [14th Dist.] 1992, no writ) is typical. (Appellants' Brief p.15).

Also, often a candidate sues an election official to add his or her name to the ballot, not to remove somebody else's, but to compete against that someone. *In re Crenshaw*, 2007 WL 1292013 (Tex. App.—Dallas April 7th, 2017 no pet.) (mem. op.) is typical of that. (Appellants' Brief p.16).

Those types of cases are irrelevant to Dr. Benson's case. Appellants desperately argue, in effect, that someone should have challenged the City Secretary to keep Benson off the ballot for Library Board, and that someone is herself. No authority exist supporting Appellants' bizarre theory. The Texas Election Code challenge procedures certainly do not. Appellants' theory seeks a prohibited unreasonable or unjust result.

## 3. The District Court Judgment avoids unreasonable or unjust result.

This Court has noted that "We are mindful that statutory requirements concerning candidacy for public office are mandatory and must be strictly construed to ensure compliance….Nevertheless, we cannot construe the statutory requirements so strictly as to lead to unreasonable or unjust results." *In re* Ducato, 66 S.W.3d 558, 561 (Tex. App.—Fort Worth 2002, no pet). See *In re Bell*, 91 S.W.3d 784 (Tex. 2002). "*Ducato* also stresses the Code Construction Act's instruction that the legislature is presumed to have intended a 'just and reasonable' result in enacting statutes." *Ducato*, 66 S.W.3d at 560, citing Elec. Code Sect. 1.003(a) concerning Tex. Gov't Code Sect. 311.021. Equally unjust and unreasonable is the City's argument that the arc of the Attorney General's Opinion reached backwards in time only to the time of taking the second oath of office, not to the time of filing the second, invalid, application weeks before.

Avoiding being unreasonable or unjust is not a big concern of the City in this dispute. If the City had been remotely interested in either justice or reasonableness, it would not have rushed to oust Benson from office only three days after it received the Attorney General's Opinion, even if she had been in town. The City showed no interest in avoiding being unreasonable or unjust when it held its ouster meeting on only three days' notice, knowing Dr. Benson was in New York, and in ignoring her request for more time so she could attend the meeting. If the City had been interested

in anything approaching being just and reasonable, it would have given Benson reasonable time to hire her own attorney and call the Council's attention to the fact that she filed first for City Council. Her attorney would have also possibly been able to insist that the City Attorney incorporate that first-filing fact and the existence of Sect. 141.033 in his letter request for an Attorney General's opinion.

And, if the City really were interested in a just and reasonable outcome, it at least would have done what the school board did in *Tovar v. Bd. of Trustees of Somerset Indep. Sch. Dist.,* 994 S.W.2d 756, 759 (Tex. App.—Corpus Christi 1999, pet. denied). There, a question arose whether a School Board member had vacated his office by failing to maintain his residence in the district he represented. State law provided that a Trustee vacates the office if the Trustee ceases to reside in the district in which the Trustee represents. *Tovar*, 994 S.W.2d at 759.

Instead of immediately acting on that statute and expelling Tovar from his office (which the City in this case would have done), the School District sought a declaratory judgment that Tovar had vacated his office. The Corpus Christi court held that declaratory judgment was proper, (and that quo warranto was not required).

The District Court properly granted declaratory judgment for Benson in this case.

The City did none of these things; its entire theory depends on unjust and unreasonable should prevail.

4. <u>The "automatically resigns" cases often involve a higher second office and a longer time frame between first occupying the two offices.</u>

In connection with Sect. 201.025, Appellants rely on *Pruitt v. Glenrose Indep. Sch. Dist.*, 84 S.W.2d 1004, 1006 (Tex. 1935). That, and other similar cases, rule that when a current office holder later takes an oath of office for a different office, which are not compatible, the person resigns from the first office. (Appellants' Brief p. 18).

In *Pruitt*, on October 23rd 1928, Kugle was appointed by the Trustees of the Glenrose Independent School District as collector of taxes for the district. Two weeks later, on Nov. 5th, 1928, he was elected sheriff and tax collector for all of Sumervello County, which contains Glenrose. On January 1st, 1929, Kugle took the oath of office as county sheriff and tax collector, and assumed those duties. The Court held he automatically resigned from the appointed office of school district tax collector when he later took the oath of office for sheriff and tax collector for the entire county. 84 S.W.2d at 49. Kugle's second office, elected, was more important than his prior one. He took the oath of office for the second one over two months after he was appointed school district tax collector.

Those facts are completely different from Benson's case. Appellants' theory seeks an unreasonable and unjust result. Benson could not have possibly intended to resign from City Council by later in the day taking the oath of office for Library Board which she considered a much less important office. Benson wanted to be on the City Council in honor of her father because he had served on it, and had been mayor pro tem. She did not even put out any yard signs for Library Board (C.R.R., Vol. 2, pp 19, 24; C.R.R., Vol. 3, p. 33).

**Issue No. 2:** In reply to Appellants' issue No. 2, the District Court correctly issued the permanent injunction because that afforded Benson appropriate protection from the City's ousting her from office based an Attorney General's Opinion that did not mention Sect. 141.033.

The City argues that the District Court granting the permanent injunction was wrong because the Court erred in its underlying judgment that the City's actions in ousting Benson were null and void. The City is wrong, for the reasons stated above in response to Appellants' Issue No. 1. The District Court's Judgment, including the Permanent Injunction, were correct and should be affirmed.

**Issue No. 3:** In response to Appellants' issue No. 3, the District Court correctly awarded attorney's fees to Benson, the amount of which Appellants do not object.

The District Court awarded Benson attorney's fees under the Declaratory Judgment Act., Tex. Gov't Code Sect. 37.009. (C.R. 499). Appellant does not complain amount the amounts, but merely asks that the Court remand to the District Court for reconsideration if this Court reverses on the merits. Appellee would hate for that to happen, but if it does, she has no objection to remanding, in fairness to the District Court, to reconsider attorney's fees if she wishes.

CONCLUSION AND PRAYER

The District Court correctly applied the Attorney General's incompatibility Opinion to Benson's second application to be on the ballot, not just to her second oath of office. The District Court also correctly ruled that Election Code Sect. 141.033, which invalidated her second ballot application, governs instead of Sects. 141.034 and 201.025 (C.R. 496; Supp. C.R.9-11). The District Court interpreted the Election Code in a way to avoid an unjust or unreasonable result, kept Benson in her City Council position, and should be affirmed.

Benson respectfully requests the Court to affirm the District Court's Judgment in all respects, and grant her any other relief to which she may be entitled.

Respectfully submitted this December 21st, 2017.

/s/Harold D. Hammett
HAROLD D. HAMMETT
State Bar No. 08855000
4330 W. Vickery Blvd., Ste 140
Fort Worth, Texas 76107
Telephone: 817-820-3108
Facsimile: 817-882-6955
hammettlaw@att.net
ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Rule 9.4(i) (3) of the Texas Rules of Appellate Procedure, that this brief complies with length limitations of Rule 9.4(i) and the typeface requirements of Rule 9.4(e).

Exclusive of the contents excluded by Rule 9.4(i) (1), this brief contains 4,537 words as counted by the Word Count function (including textboxes, footnotes, and endnotes) of Microsoft Word 2013.

This brief has been prepared in proportionally spaced typeface using:

      Software:    Microsoft 2013

      Typeface:    Times New Roman

      Font Size:    14 point

/s/Harold D. Hammett
HAROLD D. HAMMETT

## CERTIFICATE OF SERVICE

I hereby certify that a true, correct and complete copy of the foregoing document was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on the 21st day of December, 2017, to:

Robert F. Maris
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219

/s/Harold D. Hammett
HAROLD D. HAMMETT

**In the Court of Appeals**
**Second District of Texas**
**Fort Worth, Texas**

**City of Forest Hill, Texas, and Brigette Mathis**

**Appellants,**

**v.**

**Michielle Benson, in her official capacity and individually,**

**Appellee.**

*On Appeal from the 153rd Judicial District Court of Tarrant County, Texas Cause No.153-290222-17; the Honorable Susan Heygood McCoy Presiding*

APPELLEE'S APPENDIX

*Contents*                                                                                    *Page*

First Amended Final Judgment with Permanent Injunction (C.R.491)………...Tab 1

Findings of Fact and Conclusions of Law (Supp. C.R.4)………………………Tab 2

Tex. Elec. Code Sect. 141.033…………………………………………………Tab 3

Tex. Elec. Code Sect. 141.034…………………………………………………Tab 4

Tex. Elec. Code Sect. 162.015…………………………………………………Tab 5

APPENDIX TAB "1"

NO. 153-290222-17

| | | |
|---|---|---|
| MICHIELLE BENSON, | § | IN THE DISTRICT COURT |
| Plaintiff, in her official capacity | § | |
| and individually | § | |
| | § | OF TARRANT COUNTY, TEXAS |
| v. | § | |
| | § | 153rd JUDICIAL DISTRICT |
| City of Forest Hill, Texas | § | |
| and Brigette Mathis, | § | |
| Defendants | § | |

## FIRST AMENDED FINAL JUDGMENT WITH PERMANENT INJUNCTION

This Judgment is substituted for this Court's prior Judgment dated June 16, 2017. On April 10th, 2017, this case was called for Trial. Plaintiff Michielle Benson, appeared in person and through her attorney, Harold D. Hammett. Defendants City of Forest Hill, Texas, and Brigette Mathis, and their attorney, Robert F. Maris, appeared. All parties announced ready for trial.

The case was tried to the Court on agreed facts. The Court took Judicial Notice of Section 3.10 and 3.11 of the Charter of the City of Forest Hill, heard the evidence and arguments of Counsel, and took the case under advisement. The Court requested and received additional briefs and responses.

Plaintiff Benson asks the Court under the Texas Declaratory Judgment Act. Tex. Civ. Prac. and Rem. Code Sec. 37.003 and 37.004(a) to declare whether the Defendant City had the authority to declare her City Council position vacant, and if

First Amended Final Judgment With Permanent
Injunction

1

EMAILED

491

not, to clarify her right to be on the City of Forest Hill City Council, Place 3, and declare the acts of the City Council in replacing her null and void, and for permanent injunction. Plaintiff also asks for attorney's fees under Sec. 37.009.

The Court hereby renders judgement for Plaintiff, Michielle Benson.

The facts are that Dr. Benson filed Applications to be placed on the Ballot for two offices in February of 2016—Place 3 of the Forest Hill City Council and a place on the Forest Hill Library Board of Trustees. There is no disagreement at this time on the facts that the City Council application was filed first, and she was elected to both positions. Dr. Benson was sworn in to both positions in May 2016, and the record is undisputed that she took the Oath for the position in City Council first, before taking the Oath for the position on the Library Board of Trustees.

Dr. Benson served in both positions, attending meetings of the City Council from May of 2016 – July of 2016. In July of 2016, an issue was presented to the City Council regarding whether Dr. Benson could serve in both positions without a conflict of interest. A vote was taken at the City Hall meeting to request an opinion of the Attorney General's Office [hereinafter the "AG"] regarding this issue; even Dr. Benson voted in favor of obtaining the AG's ruling on this matter. The City Attorney drafted the request letter for the District Attorney to send to the AG. The City Attorney's letter did not state anything about the sequence of filing for two offices.

First Amended Final Judgment With Permanent
Injunction                                                                 2

492

On January 3, 2017, the AG issued an opinion letter finding that Dr. Benson could not continue in both positions given the apparent conflict of interest (one issue raised was the fact that both entities compete for tax dollars from the City of Forest Hill). The AG opined that once Dr. Benson was sworn into the second position (the Library Board), she implicitly "resigned" from the first office (City Council).

On the same day it received the letter, January 3rd, the City Council issued notice for a Special meeting on January 6th to "discuss" the AG's letter ruling. Dr. Benson was out of town in New York, and upon learning of the meeting, sent an e-mail to each of the members of the City Council, and the Mayor, asking that the meeting be postponed until she could be present. Despite this request, the meeting took place without Dr. Benson, and the City Council voted to replace her with her former opponent in the race for Place 3, Brigette Mathis. This suit for declaratory and injunctive relief was filed January 31, 2017.

The Plaintiff and the Defense each rely on separate provisions of the Texas Election Code. Plaintiff relies upon Election Code Section 141.033 titled Filing Applications for More than One Office Prohibited. Specifically it states "(a) A candidate may not file applications for a place on the ballot for two or more offices that are not permitted by law to be held by the same person. (b) If a person files more than one application for a place on a ballot in violation of this section, each application filed subsequent to the first one filed is invalid." V.T.C.A. Election Code Section 141.033 (a) and (b). Thus Dr. Benson's claim that she filed for the Forest Hill

First Amended Final Judgment With Permanent
Injunction

3

493

City Council position first, means that her election to any other office that she later filed to run for was also invalidated. Further, since she then would have held ONLY the City Council position, as her later application to the Library Board was invalidated, there is no conflict of interest, and the opinion of the AG does not apply to her circumstances.

Defendants' rely upon a different section of the same Election Code. They cite to Election Code Section 210.025 Acceptance of Another Office. That provision states "If an officer accepts another office and the two offices may not lawfully be held simultaneously, a vacancy in the first office occurs on the date the person qualifies for the other office." V.T.C.A. Election Code Section 201.025. Thus, Defendants' reasoning (based upon the AG's reasoning) is that once Plaintiff took the oath of office for the Library Board position, it created a vacancy for Place 3 on the City Council. Thus, under their reasoning, once Plaintiff took the oath of office for the Library Board position, the City Council Place 3 position was vacant, and in need of a replacement.

Defendants also argue that the time window to challenge Plaintiff's candidacy for either position had expired (following the printing of the ballot), and because no one challenged her application during the allowable window, it is too late to consider the incompatibility of Plaintiff's dueling applications (thus, the incompatibility can only be considered with respect to the swearing in time period, not the application period). In support of this argument, Defendant cites Tex. Elec.

Code Sect. 141.034 and cases where the court reasoned that a challenger's challenge came too late, because the ballots had already been printed.

The cases cited by the Defendant involve completely different scenarios, where challenges were made (on time or too late) by a challenger for the same office. In those cases the courts looked at whether the challenger/opponent made their challenge in the allowable window (essentially, before the ballots were printed). Here, there was a different kind of challenge, which was not made until after the election, after Plaintiff was sworn-in and served in the City Council position, and after the AG issued its opinion letter. Both Plaintiff and the City Council asked for the AG's opinion letter, and when it arrived, Plaintiff was replaced by the rest of the City Council in a vote that occurred while she was not present. This is not the type of "challenge" scenario discussed in Defendants' cases.

In this case no one knew that Plaintiff could not hold both offices when she filed; therefore no one knew that they could challenge her right to appear on the ballot for both offices.

In support of Permanent Injunction, Plaintiff argues that the Defendant never asked the AG to issue an opinion regarding how to handle the conflict at the point of the Plaintiff filing for both positions, they only asked the AG to consider the conflict at the point where Plaintiff was sworn into the second office.

The issues involved in this case center around the issue of, once she was made aware of the incompatibility of holding two positions, which office Plaintiff should continue to hold. The question comes down to whether Plaintiff should hold the office she first applied for (City Council) or the one she was last sworn into (Library Board). The Attorney General issued a letter finding incompatibility, and opined that once Plaintiff was sworn into the second office, she gave up the first. The Court notes that the AG had not considered whether the incompatibility existed at the time she made her applications, and the Court concludes that the incompatibility existed at the time she made her applications (as well as when she was later sworn in), and given that, she should keep the office she first applied for (City Council) because her second application was void due to incompatibility.

Election Code Section 141.033 cannot be ignored. The Legislature intended Sect. 141.033 to be effective with the intent to achieve a just and reasonable result. Tex. Govt. Code Sect. 311.021(2,3). The Attorney General's opinion related back to the time of filing the ballot place applications, not just to the Oaths of Office. The issue of the timing of the Application filings must be considered before the issue of Oaths of Office can be considered. The AG opined only that there was a conflict in holding both offices. This Court agrees. Once this incompatibility was determined, Section 141.033(b) automatically became applicable and controlling. Plaintiff was not legally placed on the ballot for both positions, but only for City Council. Therefore, the City Council position was the only office for which Plaintiff was

First Amended Final Judgment With Permanent
Injunction

6

496

properly filed and elected to serve. With Plaintiff only being properly elected to one office, there is no conflict and no incompatibility.

Accordingly, in this matter of first impression, the Court orders and decrees as follows:

1. The action by the City Council of the Defendant City of Forest Hill, Texas on January 6th, 2017, declaring that Plaintiff Benson "effectively resigned" from the City was and is null and void, ab initio;

2. The action by the City Council and Defendant City of Forest Hill on January 6th, 2017 in appointing Defendant Brigette Mathis as successor to Plaintiff Benson's Council Position, Place 3, was and is null and void, ab initio;

3. Defendant, the City of Forest Hill, Texas, is permanently enjoined and prohibited from depriving or interfering in any way with Plaintiff Michielle Benson in exclusively occupying the office of Member of the City Council of Forest Hill, Place 3, through to expiration of her elected term in May, 2018, including but not limited to impairing any privileges and rights of City Council Members, such as receiving messages that all City Council members receive from the City Manager, including notice of City Council meeting, discussing and voting on matters before the City Council, having possession and use of her cell phone, iPad and any other supplies provided by the City of Forest Hill to its City Council Member, and receiving funding

for training sessions. This injunction applies to Defendant City, its officers, officials, employees and agents, and any person acting in concert with any of them.

## ATTORNEY'S FEES

Plaintiff has requested the Court order the Defendant City to pay her Attorney's fees, which request the Court hereby grants. The parties agreed to submit attorney's fees upon affidavits. The Court received an affidavit from Plaintiff's counsel and Plaintiff but none from Defendants' counsel on attorney's fees.

The Court finds from Plaintiff's attorney's affidavit that the following fees are and were reasonable and necessary. The Court also finds that such fees are equitable and just in light of the following facts: (1) in drafting the proposed letter for the District Attorney to send to the AG, Defendant's City Attorney did not mention anything about the sequence or filing for the two offices, although he was aware of a Texas Election Code 141.033 potential problem , as Defendants' counsel acknowledged in his opening statement to the Court; (2) the Defendant City Council unfairly acted upon only three days' notice to remove Plaintiff Benson from her elected City Council position; and (3) did so while she was out of state and had requested more time to address the issue.

First Amended Final Judgment With Permanent
Injunction

8

Accordingly, Judgment is also rendered that Plaintiff recover from the City of

Forest Hill, Texas, the following attorney's fees, which the Court rules are

reasonable, necessary, equitable and just:

| | |
|---|---|
| $ 33,341.00 | For representation through trial and completion of proceedings in the District Court. |
| $ 2,000.00 | For post-trial proceedings in the District Court. |
| $ 12,950.00 | For representation through appeal to the Court of Appeals, if successful. |
| $ 5,000.00 | For representation at the petition for review stage in the Supreme Court of Texas, if successful. |
| $ 13,000.00 | For representation at the merits briefing stage in the Supreme Court of Texas, if successful. |
| $ 6,000.00 | For representation through oral argument and the completion of proceedings in the Supreme Court of Texas, if successful. |

First Amended Final Judgment With Permanent
Injunction

9

4. Next, the Court orders the District Clerk to properly refund the cash deposit in lieu of temporary injunction bond of $1,500.00 filed by Plaintiff's attorney, Harold D. Hammett.

5. Cost of Court are assessed against Defendants.

This judgment disposes of all claims and parties, and is appealable.

Signed this 6th day of September, 2017.

_____
Susan Heygood McCoy,
Judge Presiding

Approved as to form and Content:

/s/ Harold D. Hammett
HAROLD D. HAMMETT
ATTORNEY FOR PLAINTIFF

Approved as to form:

/s/ Robert F. Maris
ROBERT F. MARIS
ATTORNEY FOR DEFENDANTS
By Harold D. Hammett, with permission

First Amended Final Judgment With Permanent
Injunction                                                    10

500

APPENDIX TAB "2"

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/11/2017 2:50:25 PM
DEBRA SPISAK
Clerk

Trial Court Cause No. 153-290222-17
Appellate Cause No.02-17-00346-CV

In the 153rd District Court
of Tarrant County, Texas
Hon. Susan McCoy,Presiding Judge

**MICHIELLE BENSON, PLTF, IN HER
OFFICIAL CAPACITY AND INDV.**

**VS.**

**CITY OF FOREST HILL, TEXAS,
ET AL**

Appealed to the Court of Appeals
for the 2nd  Supreme Judicial District of Texas
at Fort Worth          , Texas

APPEARING FOR THE APPELLANT

HAMMETT, HAROLD D
4330 W VICKERY BLVD STE 140

FORT WORTH                          TX 76107-
Phone: (817) 820-3108
Fax..: (817) 882-6955
Email Address: HAMMETTLAW@ATT.NET
SBOT.: 08855000TX
Appearing for CITY OF FOREST HILL, ET AL, Appellant

Delivered to the Court of Appeals for the 2nd  Supreme
Judicial District of Texas at Fort Worth          , Texas,
on this date of December 11, 2017.

Thomas A. Wilder, District Clerk
Tarrant County, Fort Worth, Texas

CONNIE WILLIAMS
Deputy District Clerk

(Court of Appeals)
Cause No. _____
Filed in the Court of Appeals for the 2nd  Supreme Judicial
District of Texas, at Fort Worth          , Texas, this
_____ day of _____, _____
_____, Clerk
By _____, Deputy

1

| | | |
|---|---|---|
| MICHIELLE BENSON, | § | IN THE DISTRICT COURT |
| Plaintiff, in her official capacity | § | |
| and individually | § | |
| | § | OF TARRANT COUNTY, TEXAS |
| v. | § | |
| | § | 153rd JUDICIAL DISTRICT |
| City of Forest Hill, Texas | § | |
| and Brigette Mathis, | § | |
| Defendants | § | |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

The court makes the following Findings of Facts and Conclusions of Law:

### FINDINGS OF FACT

1. This case was tried on Agreed Facts (Findings nos. 2-21 following).

2. The City of Forest Hill is a duly organized municipality located in Tarrant County, Texas.

3. The City's Charter requires that its City Council be composed of seven persons; a mayor and six council persons. To qualify to serve on the City Council, a person must be at least 21 years old, a resident of the City, be registered to vote and be current on all financial obligations to the City.

4. Brigette Mathis served as Council person, place 3 and was elected to that position on May 7, 2014. Ms. Mathis' term was due to expire on May 7, 2016. Ms. Mathis was running for reelection.

E-MAILED

4

5. On January 22, 2016, Michielle Benson first applied to run for Forest Hill City Council, place 3 against Ms. Mathis.

6. After that, Dr. Benson also applied to run for the City Library Board of Trustees. This is an elective office, her second application.

7. Both of the City Council and the Library Board elections were to occur on May 7, 2016.

8. The Forest Hill City Council and the Library Board derive their respective authorities in the same geographic area; the City limits of Forest Hill. Both entities are also entitled to receive sales tax revenues generated within the city limits of Forest Hill.

9. Neither the City Council nor the Board of Trustee jobs are a paid position.

10. At the time of filing the applications but before acceptance of them, the City Secretary told Dr. Benson that her dual applications could be a problem.

11. No one at the city acted to prohibit Dr. Benson from running for the two positions and her name appeared as a candidate for both positions at the May 7th, 2016 municipal election in Forest Hill. The city knew of Sect. 141.033, Texas Election Code. The reason Dr. Benson was allowed to apply for two different offices was because no statutes, court nor the Attorney General had determined that the two offices at issue were in conflict.

12. Dr. Benson was elected as a council person and as a trustee of the Library Board at the election.

13. On May 17, 2016, Dr. Benson took the oath of office for both positions; she was first sworn in as a council person and, second, as a trustee.

14. After May 17, 2016, Dr. Benson actively served as both a Council person and as a trustee of the Library Board.

15. At the June 7, 2016 Forest Hill City Council meeting, the Council discussed Dr. Benson's dual elective roles. The Council expressed concerns that Dr. Bensons' two positions could be illegal and could call into question her votes on either the City Council or the Library Board of Trustees. At this Council meeting, Dr. Benson moved that the City seek an Attorney General's opinions on the propriety of Dr. Benson serving on the council and the board simultaneously. Dr. Benson's motion was adopted unanimously.

16. The Forest Hill City Attorney, Warren Spencer, composed a letter to the Attorney General and provided it to the Tarrant County District Attorney's Office and the DA's office forwarded the inquiry to the Attorney General. In Texas, municipalities cannot make requests for opinions to the Attorney General, but district attorneys can request an opinion.

17. Dr. Benson continued to serve on the City Council and the Board of Trustees until January 2017.

18. On January 3, 2017, the Attorney General's office issued its opinion on the legality of Dr. Benson holding two elective offices. In its opinion, the Attorney General concluded that Dr. Benson's dual roles were illegal and that she is deemed to have resigned her position on the City Council on May 17, 2016 when she took her second oath as Library Board Trustee.

19. The City Council immediately acted. A special City Council meeting was scheduled for January 6, 2016 to consider implementing the dictates of the Attorney General Opinion.

20. Dr. Benson was in New York City on January 3, 2017 and she would not be able to return to Forest hill for the special council meeting on January 6, 2017. Dr. Benson requested that a meeting on the issues presented by her dual roles be delegated until she could return from New York City.

21. The Forest Hill City Council met as scheduled on January 6, 2017 and agreed to accept Dr. Benson's deemed resignation from the Council. Bridgette Mathis was appointed to temporarily fill the place 3 position until a special election could be held on May 6, 2017.

22. The Forest Hill City attorney did not mention Election Code Sect. 141.033 in his draft letter request for an Attorney General's opinion sent to the District Attorney.

23. Plaintiff is entitled to recover attorney's fees from Defendants as follows, which the Court finds are reasonable and necessary:

$__33,341.00__      For representation through trial and completion of proceedings in the District Court.

$__2,000.00__      For post-trial proceedings in the District Court.

$__12,950.00__      For representation through appeal to the Court of Appeals, if successful.

$__5,000.00__      For representation at the petition for review stage in the Supreme Court of Texas, if successful.

$__13,000.00__      For representation at the merits briefing stage in the Supreme Court of Texas, if successful.

$__6,000.00__      For representation through oral argument and the completion of proceedings in the Supreme Court of Texas, if successful.

24. The above stated fees are also equitable and just.

25. Any finding of fact above shall also operate and serve as conclusion of law as appropriate.

## CONCLUSIONS OF LAW

1. Texas Election Code Section 141.033 titled Filing Applications for More than One Office Prohibited. Specifically it states, "(a) A candidate may not file applications for a place on the ballot that are not permitted by law to be held by the same person. (b) If a person files more than one application for a place on a ballot in violation of section, each application filed subsequent to the first one is invalid." V.T.C.A. Election Code Section 141.033 (a) and (b).

2. The undisputed evidence is that Dr. Benson filed the application for City Council first. Therefore, the Office of City Council, Place 3, was the only office for which Dr. Benson properly filed, elected, and took an oath to serve.

3. Under that section, her application for election to the Library Board, her second filing, was invalid, and she was never properly elected to the Library Board

4. Dr. Benson never filed a proper application for a place on the ballot for the Library Board, so she does not hold, never has properly held, that position. Incompatibility of office does not exist.

5. Defendants reliance on Election Code Section 201.025 <u>Acceptance of Another Office</u> is unavailing. That provision states: "If an officer accepts another office and the two offices cannot be held simultaneously, a vacancy in the first office occurs on the date that the officer qualifies for the second office.

6. Neither the Attorney General's Opinion nor Defendants' argument based on Section 201.025 address the validity of Benson's application for the Library Board, her second application. Section 141.033 must be considered before the issue of the post-election oath of office should be considered.

7. The action by the City Council of Defendant City of Forest Hill, Texas, on January 6th, 2010 declaring that Plaintiff Benson had "effectively resigned" from the City Council was and is null and void, ab initio.

8. The action by the City Council of Defendant City on January 6th, 2017 in appointing Defendant Brigette Mathis as successor to Plaintiff Benson's Council position, Place 3, was and is null and void, ab initio.

9. Permanent injunction relief against Defendant City is warranted.

10. Plaintiff is entitled to, and the Court awards her attorney's fees, as are reasonable, necessary, equitable and just, as found in this Court's Sept. 6th First Amended Final Judgment with Permanent Injunction.

11. Section 3.11 of Defendant's City Charter states, in part: "A Council Member charged with conduct constituting grounds for forfeiture or suspension of his office shall be entitled to a public hearing on demand, and notice of such hearing shall be

published in one or more newspapers of general circulation in the city at least one week in advance of the hearing." The Court can take this charter provision into account in determining the equitable and just amount of attorney's fees for Plaintiff.

12. Defendants reliance on Election Code Sect. 141.034 and related cases is unavailing. The facts of this case are completely different from the scenario where one candidate challenges the valid application for an opposing candidate relied on by Defendants.

13. This Court has jurisdiction over this case.

14. Any conclusion of law above shall also operate and serve as a finding of fact as appropriate.


Signed this ~~October~~ November 14th, 2017.


Susan Heygood McCoy
Judge Presiding

APPENDIX TAB "3"

> Vernon's Texas Statutes and Codes Annotated
>   Election Code (Refs & Annos)
>     Title 9. Candidates (Refs & Annos)
>       Chapter 141. Candidacy for Public Office Generally (Refs & Annos)
>         Subchapter B. Application for Place on Ballot

V.T.C.A., Election Code § 141.033

§ 141.033. Filing Applications for More Than One Office Prohibited

Currentness

(a) A candidate may not file applications for a place on the ballot for two or more offices that:

(1) are not permitted by law to be held by the same person; and

(2) are to be voted on at one or more elections held on the same day.

(b) If a person files more than one application for a place on a ballot in violation of this section, each application filed subsequent to the first one filed is invalid.

(c) This section does not apply to candidacy for the office of president or vice-president of the United States and another office.

**Credits**
Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986.

Notes of Decisions (3)

V. T. C. A., Election Code § 141.033, TX ELECTION § 141.033
Current through the end of the 2017 Regular and First Called Sessions of the 85th Legislature

---

**End of Document**                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

APPENDIX TAB "4"

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
  Election Code (Refs & Annos)
    Title 9. Candidates (Refs & Annos)
      Chapter 141. Candidacy for Public Office Generally (Refs & Annos)
        Subchapter B. Application for Place on Ballot

V.T.C.A., Election Code § 141.034

§ 141.034. Limitation on Challenge of Application

Effective: May 23, 2017
Currentness

(a) An application for a place on the ballot may not be challenged for compliance with the applicable requirements as to form, content, and procedure after the day before any ballot to be voted early by mail is mailed to an address in the authority's jurisdiction for the election for which the application is made.

(b) This section does not apply to a determination of a candidate's eligibility.

(c) A challenge must state with specificity how the application does not comply with the applicable requirements as to form, content, and procedure. The authority's review of the challenge is limited to the specific items challenged and any response filed with the authority by the challenged candidate.

**Credits**

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1989, 71st Leg., ch. 2, § 7.07, eff. Aug. 28, 1989; Acts 1991, 72nd Leg., ch. 203, § 2.57; Acts 1991, 72nd Leg., ch. 554, § 28, eff. Sept. 1, 1991; Acts 1993, 73rd Leg., ch. 728, § 55, eff. Sept. 1, 1993; Acts 2017, 85th Leg., ch. 95 (S.B. 44), § 2, eff. May 23, 2017.

Notes of Decisions (6)

V. T. C. A., Election Code § 141.034, TX ELECTION § 141.034
Current through the end of the 2017 Regular and First Called Sessions of the 85th Legislature

APPENDIX TAB "5"

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Vernon's Texas Statutes and Codes Annotated
Election Code (Refs & Annos)
Title 10. Political Parties
Subtitle A. Introductory Provisions
Chapter 162. Regulating Participation in Party Affairs

V.T.C.A., Election Code § 162.015

§ 162.015. Restrictions on Candidacy in General Election by Candidate or Voter in Primary

Currentness

(a) A person who voted at a primary election or who was a candidate for nomination in a primary is ineligible for a place on the ballot for the succeeding general election for state and county officers as:

(1) an independent candidate for an office for which a candidate was nominated in the primary; or

(2) the nominee of a political party other than the party holding the primary in which the person voted or was a candidate.

(b) A person who was a candidate for nomination in a primary election is ineligible for a place on the list of write-in candidates for the succeeding general election for state and county officers as a write-in candidate for the office sought by that candidate in the primary.

**Credits**
Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1991, 72nd Leg., ch. 363, § 2, eff. Sept. 1, 1991.

Notes of Decisions (20)

V. T. C. A., Election Code § 162.015, TX ELECTION § 162.015
Current through the end of the 2017 Regular and First Called Sessions of the 85th Legislature

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.